UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CALLEN CORTEZ

       PLAINTIFF

VERSUS

LAMORAK INSURANCE COMPANY (as successor in interest to the liability for policies of insurance issues by COMMERCIAL UNIION INSURANCE COMPANY, COLUMBIA CASUALTY COMPANY, EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, and AMERICAN EMPLOYERS INSURANCE COMPANY); HUNTINGTON INGALLS INCORPORATED (formerly NORTHROP GRUMMAN SHIPBUILDING, INC. formerly NORTHROP GRUMMAN SHIP SYSTEMS INC. formerly AVONDALE INDUSTRIES, INC. formerly AVONDALE SHIPYARDS, INC. formerly AVONDALE MARINE WAYS, INC.); ALBERT J. BOSSIER, JR.,; EAGLE INC. (f/k/a EAGLE ASBESTOS & PACKING COMPANY, INC.); BAYER CROPSCIENCE INC. (successor to RHONE POULENC AG COMPANY formerly AMCHEM PRODUCTS INC. formerly BENJAMIN FOSTER COMPANY); FOSTER-WHEELER LLC (formerly FOSTER-WHEELER CORPORATION); GENERAL ELECTRIC COMPANY; HOPEMAN BROTHERS, INC.; THE MCCARTY CORPORATION (SUCCESSOR TO MCCARTY BRANTON, INC. AND PREDECESSOR AND SUCCESSOR TO MCCARTY INSULATION SALES, INC.); TAYLOR-SEIDENBACH, INC.; CBS CORPORATION (f/k/a WESTINGHOUSE ELECTRIC CORP.); UNIROYAL INC., INTERNATIONAL PAPER COMPANY; ANCO INSULATIONS., RILEY POWER, INC. ((formerly BABCOCK BORSIG

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION NO. _____

SECTION: _____

JUDGE: _____

MAG. JUDGE: _____

POWER INC. formerly DB RILEY, INC., formerly RILEY STOKER CORPORATION); OCCIDENTAL CHEMICAL CORPORATION (formerly, HOOKER CHEMICALS & PLASTICS CORP., formerly HOOKER CHEMICAL CORPORATION); SHELL OIL COMPANY; PHARMACIA LLC (formerly PHARMACIA CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO MONSANTO COMPANY, SUCCESSOR TO MONSANTO CHEMICAL COMPANY, AND SUCCESSOR TO LION OIL COMPANY); VULCAN MATERIALS COMPANY, GOODRICH CORPORATION (f/k/a THE BF GOODRICH COMP ANY); AXIALL CORPORATION (DE) (f/k/a GEORGIA GULF CORPORATION); TEXACO INC.; CF INDUSTRIES NITROGEN, LLC (f/k/a TERRA MISSISSIPPI NITROGEN, INC., f/k/a MISSISSIPPI NITROGEN, INC., f/k/a TRIAD NITROGEN, INC.); BASF CORPORATION f/k/a-INMONT CORPORATION f/k/a MEW CORPORATION (OF DELAWARE) f/k/a BASF WYANDOTTE CORPORATION f/k/a WYANDOTTE CHEMICALS CORPORATION; HOUSTON GENERAL INSURANCE COMPANY BERKSHIRE HATHAWAY SPECIALTY INSURANCE (f/k/a STONEWELL INSURANCE COMPANY) UNITED STATES FIDELITY AND GUARANTY COMPANY; FIRST STATE INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY (successor by merger to FIDELITY AND CASUALTY COMPANY OF NEW YORK); UNION CARBIDE  CORPORATION; ENTERGY LOUISIANA LLC; LIBERTY MUTUAL INSURANCE COMPANY; TRAVELERS INDEMINITY COMPANY; LOUISIANA GUARANTY ASSOCIATION; and THE CAJUN COMPANY
      DEFENDANTS

\*  \*  \*  \*  \*  \*  \*

2

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.), Albert L. Bossier, Jr., and Lamorak Insurance Company,[1] (collectively "the Avondale Interests"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notice the removal of the above-entitled action bearing No. 2020-05403 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale Interests were, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442. The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

2.

On July 1, 2020, Plaintiff filed suit naming the Avondale Interests as defendants.[2] The Petition alleges that Plaintiff worked at Avondale from 1969 through 1974.[3] It further alleges that during his employment, Plaintiff was exposed to asbestos and asbestos-containing dust.[4] In addition to alleging exposure on Avondale's premises, Plaintiff alleges he was exposed to

---

[1] Lamorak Insurance Company was sued as the alleged insurer of Avondale and various alleged executive officers of Avondale.
[2] Exhibit A, Original Petition for Damages, ¶ 2.
[3] *Id.* at ¶ 8.
[4] *Id.*

3

asbestos "while riding to and from work with other Avondale employees whose person, clothing, and other items were contaminated with asbestos."[5] As a result of these alleged exposures and others, Plaintiff alleges he was diagnosed with malignant mesothelioma on June 2, 2020.[6]

3.

The Petition contains broad allegations of Callen Cortez's alleged asbestos exposures, but it provides no details as to where or how he was exposed at Avondale. Nor does it provide details about the persons from whose clothes Plaintiff was allegedly exposed while riding to and from Avondale. More specifically, the Petition does not link Callen Cortez's alleged asbestos exposure to any vessels Avondale built, refurbished, or repaired for the United States government.

4.

Plaintiff was deposed on August 11 and 12, 2020.[7] Plaintiff testified that he worked primarily at Avondale's Westwego Yard.[8] With regard to his allegation that he was exposed to asbestos while riding to and from work with other Avondale employees, Plaintiff testified that he rode to and from work on a labor bus owned by Joseph Becnel and sometimes driven by a man referred to as "Black" Reulet.[9] Plaintiff testified that Mr. Reulet's son also worked at Avondale.[10] Upon information and belief, "Black" Reulet is Pierre Helton Reulet, a former Avondale employee whose son, Kirk Reulet, also worked at Avondale during some of the same years as Plaintiff.[11]

---

[5] *Id.*
[6] *Id.* at ¶ 17.
[7] Exhibit B, Deposition of Callen Cortez.
[8] *Id.* at p. 109.
[9] *Id.* at pp. 784-786.
[10] *Id.* at p 785.
[11] Exhibit C, Obituary of Pierre Helton Reulet (*see* comment dated October 25, 2016 on page 4 in the "Memories" section of the obituary wherein Mr. Reulet is referred to as "Black."). *See* also, Exhibit D, the Avondale personnel records of Callen Cortez; Exhibit E, the Avondale personnel records of Pierre "Black" Reulet; and Exhibit F, the Avondale personnel records of Kirk Reulet.

5.

Prior to the filing of the instant lawsuit, Mr. Dwight Granier was deposed in a lawsuit filed by the family of Kirk Reulet.[12] Mr. Granier testified that he believed Pierre Reulet worked aboard Cutters that Avondale built for the United States Coast Guard and that Pierre Reulet was exposed to asbestos dust from insulation installed on the Cutters.[13] Mr. Granier, who was an insulator, testified that he too sometimes rode on the bus with the Reulets,[14] which, as identified above, was the same bus on which Plaintiff traveled. Mr. Granier testified that all of the different crafts rode on the bus, including insulators, painters, and laborers.[15] Mr. Granier testified that he rode on the bus with the Reulets after doing insulation work on U.S. Navy Destroyer Escorts and U.S. Coast Guard Cutters.[16]

6.

Other Avondale employees have testified to working on the construction of vessels built for the United States government, being exposed to asbestos dust on those vessels, and riding to and from work at the Westwego Yard on Joseph Becnel's labor bus. For example, Anthony Cortez worked at Avondale from 1966 to 1973, worked around insulators on Coast Guard Cutters, and rode the labor bus every day.[17] Anthony Cortez testified that his work on Coast Guard Cutters occurred at the Westwego Yard,[18] and all of the various trades, including insulators, worked with him in the engine rooms of those vessels.[19]

---

[12] Exhibit G, Deposition of Dwight Granier taken June 23, 2020.
[13] *Id*. at pp. 12-14.
[14] *Id*. at pp. 37-41, 113-114.
[15] *Id*. at pp. 38-39.
[16] *Id*. at pp. 40-41.
[17] Exhibit H, Deposition of Anthony Cortez taken January 29, 2007, at pp. 12, 32-34.
[18] *Id.* at p. 37.
[19] *Id.* at pp. 39-40, 42.

7.

Plaintiff's deposition testimony, combined with the other evidence cited above, revealed for the first time that Plaintiff's alleged asbestos exposures relate, in part, to dust originating from asbestos-containing materials being installed aboard and around Coast Guard Cutters and Destroyer Escorts (hereinafter "Federal Vessels") built by Avondale pursuant to contracts with the United States Coast Guard and the United States Navy. Plaintiff, therefore, is claiming that he was injured due in part to asbestos-containing products installed on Federal Vessels pursuant to contracts with the U.S. Coast Guard and U.S. Navy.

8.

This removal is being filed within thirty days of Callen Cortez's August 11 and 12, 2020 deposition. Therefore, the removal is timely under 28 U.S.C. § 1446. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018).

9.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

10.

The Avondale Interests are "persons" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

11.

Avondale, and its executive officers, were "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Cutters for the U.S. Coast Guard and Destroyer Escorts for the U.S. Navy because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy).

12.

If Plaintiff experienced exposure to asbestos originating from Avondale's construction of the Federal Vessels, the use of asbestos-containing materials on those vessels was required and controlled by officers of the United States.

13.

Plaintiff's claims against the Avondale Interests are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais,* 951 F.3d at 292.

14.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Coast Guard and U.S. Navy.

15.

The materials used in the construction of the Federal Vessels – including asbestos-containing materials – were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

16.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Coast Guard and U.S. Navy.

17.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessel. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

18.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

19.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United States government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

20.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

21.

The Avondale Interests raise two colorable federal defenses to one or more of Plaintiff's claims in this action. First, one or more of Plaintiff's claims is barred under the jurisprudential

doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence and strict liability claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Coast Guard and U.S. Navy mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the U.S. Coast Guard and U.S. Navy—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Second, Plaintiff's claims against the Avondale Interests are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering the Avondale Interests immune from suit because the Avondale Interests performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

24.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant.  *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

25.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

26.

With this Notice, the Avondale Interests are filing a "copy of all process, pleadings, and orders served upon" it in the State Case.  28 U.S.C. §§ 1446(a), (d).  In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, the Avondale Interests hereby give notice that the proceeding bearing No. 2020-05403 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law; and the Avondale Interests ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

**IRWIN FRITCHIE URQUHART & MOORE LLC**

*/s/ David M. Melancon*
Gus A. Fritchie (#5751)
Timothy F. Daniels (#16878)
David M. Melancon (23216)
Edward W. Trapolin (#27667)
Kevin Powell (#25324)
M. Scott Minyard (#31879)
Alexander Saunders (#28753)
Alison Spindler (#34103)
Christopher T. Whelen (#36079)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504-310-2100
Facsimile: 504-310-2101
***Counsel for Albert L. Bossier, Jr.***

*-And-*

Brian C. Bossier (#16818)
Edwin A. Ellinghausen, III (#1347)
Christopher T, Grace, III (#26901)
Erin H. Boyd (#20121)
Laura M. Gillen (#35142)
Whitney C. Stewart (#38905)
**BLUE WILLIAMS, LLP**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
***Counsel for Huntington Ingalls Incorporated***

*-And-*

Samuel M. Rosamond, III (#17122)
Francis C. Cannone (#38155)
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street – Suite 1900
New Orleans, Louisiana 701 12
Telephone: 504-525-9888
Facsimile: 504-525-9899
***Counsel for Lamorak Insurance Company***

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 31st day of August, 2020.

    */s/ David M. Melancon*