UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CALLEN J. CORTEZ** | * | **CIVIL ACTION NO. 2:20-cv-02389** |
| | * | **SECTION "R" (1)** |
| **VS.** | | |
| | * | **JUDGE SARAH VANCE** |
| **LAMORAK INSURANCE CO., ET AL** | * | **MAG. JANIS VAN MEERVELD** |

**FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Callen J. Cortez, who suggests to the Court that he desires to supplement and amend the Original Petition for Damages filed herein in the following particulars:

I.

By adding an additional Paragraph "94" of to read as follows:

Mitchell Cortez is the brother of Callen J. Cortez. Mitchell Cortez was employed in various positions by and/or on the premises of Huntington Ingalls Incorporated (formerly Northrop Grumman Shipbuilding, Inc., formerly, Northrop Grumman Ship Systems, Inc., formerly, Avondale Industries, Inc., formerly Avondale Shipyards, Inc., formerly Avondale Marine Ways, Inc.) (hereinafter "Avondale") from approximately 1970 through 1974. On a daily basis during this employment, Mitchell Cortez was exposed to dangerously high levels of toxic substances, including asbestos, in the normal routine course of his work. At all times during Mitchell Cortez's employment at Avondale, he was exposed to asbestos and asbestos-containing products manufactured, distributed, handled, and sold by "defendants", and Callen Cortez was exposed to asbestos as a result thereof.

II.

By adding an additional Paragraph "95" to read as follows:

95.

On a daily basis throughout the employment of Mitchell Cortez at Avondale, Callen Cortez was exposed to dangerously high levels of asbestos carried home on the person, clothing and other items of Mitchell Cortez, through the contamination of the home as a result thereof, and through the handling and washing of clothing of Mitchell Cortez and other objects, which exposure was a significant contributing factor in Callen Cortez's mesothelioma.

III.

By adding an additional Paragraph "96" to read as follows:

96.

Avondale and its executive officers had the responsibility of providing Mitchell Cortez with a safe place to work and safety equipment with which to conduct his work (including but not limited to disposable overalls, protective clothing and showers); however, they negligently and/or intentionally failed to carry out these duties and failed to protect Mitchell Cortez from the dangers of toxic fiber and dust exposure, and failed to protect his family members, including Callen Cortez, from said exposures to asbestos and toxic fiber.

IV.

By adding an additional Paragraph "97" to read as follows:

97.

Avondale and its executive officers were aware or should have been aware of the dangerous condition presented by exposure to asbestos and that Callen Cortez (and other similarly situated family members of its working force) would suffer from asbestos-related pulmonary disease, asbestosis, pleural plaques, pleural thickening, lung cancer, mesothelioma, and other ill health effects as a result of this exposure, but they failed and/or willfully withheld knowledge of the dangers to their health from exposure to asbestos fiber and other toxic substances.

V.

By adding an additional Paragraph "98" to read as follows:

98.

In addition to the foregoing acts of negligence and intentional concealment, Avondale and its executive officers are guilty of the following:

- a) Failing to reveal and knowingly concealing critical information from Mitchell Cortez, including the ability to expose family members to asbestos through clothing and other objects of its workers;

- b) Failing to reveal and knowingly concealing the inherent dangers in the use of asbestos and other harmful substances in their manufacturing process;

- c) Failing to provide necessary protection to Mitchell Cortez as well as to other family members;

- d) Failing to provide clean, respirable air and proper ventilation;

- e) Failing to provide protective or disposable clothing and showers to its employees so that asbestos fiber would not be brought home to family members;

- f) Failing to advise employees that deadly asbestos fiber could be brought home to their family members;

- g) Wanton and reckless disregard in the storage, handling, and transportation of asbestos;

- h) Requiring employees to dump asbestos into the Mississippi River instead of properly disposing of asbestos and asbestos fiber, thereby further exposing employees (and subsequently their family members) to asbestos;

- i) Requiring employees to dispose of asbestos in dumpsters instead of properly disposing of asbestos and asbestos fiber,

      thereby further exposing employees (and subsequently their family members) to asbestos;

j)  Requiring employees to dispose of asbestos under buildings instead of properly disposing of asbestos and asbestos fiber, thereby further exposing employees (and subsequently their family members) to asbestos;

k)  Failing to warn of the dangers of exposure to asbestos;

l)  Failing to warn employees and their families that asbestos fiber could be brought home on clothing and other objects, could expose innocent family members, and could cause deadly diseases to family members including mesothelioma, asbestosis, pleural thickening, cancer, and pleural plaques; and

m)  Failing to warn employees of the invisible nature of harmful asbestos, that it could be carried home on clothing and other objects by a worker, and that it could cause deadly diseases such as mesothelioma, asbestosis, pleural thickening, cancer, and pleural plaques.

  Avondale and its executive officers intentionally and/or negligently committed these acts knowing full well that Callen Cortez's injuries would follow or were substantially certain to follow.

VI.

By adding an additional Paragraph "99" to read as follows:

99.

  In addition to the acts of negligence, strict liability, intentional tort, and fault identified throughout this petition, Avondale and its executive officers are strictly liable for their care, custody, and control of asbestos. Avondale and its executive officers failed to properly handle and control the asbestos which was in their custody. Avondale and its executive officers were aware or should have been aware of the dangerous condition presented by exposure to asbestos, and that Mitchell Cortez and his family members would be exposed to asbestos and that family members, including Callen Cortez, would suffer from asbestos-related

diseases and other ill health effects associated therewith as a result of these exposures, but they failed and/or willfully withheld knowledge of the dangers to their health from exposure to asbestos fiber.

VII.

By adding an additional Paragraph "100" to read as follows:

As a result of these exposures to asbestos, Callen Cortez contracted mesothelioma which was first diagnosed on approximately June 2, 2020.

VIII.

By adding an additional paragraph to be numbered "101" to read as follows:

101.

All of the defendants named in this First Supplemental and Amending Complaint as well as in the Original Petition for Damages, are jointly, severally, and *in solido* liable to petitioner for the damages sustained as a result of Mr. Cortez's contraction of mesothelioma.

IX.

Petitioner re-aver and incorporate herein by reference as if copied herein *in extenso* all allegations of the original Petition for Damages except to the extent they have been amended or supplemented herein.

X.

Plaintiff reiterates that trial by jury is requested on all issues.

**WHEREFORE,** plaintiff, Callen J. Cortez, reiterating the prayers of the original Petition for Damages, as though set forth at length herein, prays that the original Petition for Damages be supplemented and amended in the above particulars, that the defendants named herein be duly cited to appear and answer, and that after all due proceedings are had, there be judgment rendered

herein in favor of petitioner and against defendants for all damages suffered by petitioner, together with legal interest from the date of judicial demand, and all costs associated with the prosecution of this claim.  Petitioner further prays for a jury trial on all issues, and for all general and equitable relief to which they may be entitled.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully Submitted; |
| I hereby certify that a copy of the First Supplemental and Amending Complaint has been served upon counsel for all parties by Electronic Service through the Electronic Case Filing System or by FAX, on this 1st day of December, 2020. | **ROUSSEL & CLEMENT**<br><br>   /s/ Jonathan B. Clement   <br>GEROLYN P. ROUSSEL #1134<br>PERRY J. ROUSSEL, JR. #20351<br>JONATHAN B. CLEMENT #30444<br>LAUREN R. CLEMENT #31106 |
|    /s/ Jonathan B. Clement   <br>JONATHAN B. CLEMENT | 1550 West Causeway Approach<br>Mandeville, Louisiana 70471<br>Telephone: (985) 778-2733<br>Facsimile: (985) 778-2734<br>ATTORNEYS FOR PLAINTIFF,<br>CALLEN J. CORTEZ |