UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ                                                   CIVIL ACTION

VERSUS                                                                    NO. 20-2389

LAMORAK INSURANCE CO., ET AL.                     SECTION "R" (1)


## <u>ORDER AND REASONS</u>

Defendant, Lamorak Insurance Company ("Lamorak"), moves to stay these proceedings.[1]  Defendants, Huntington Ingalls Incorporated and Albert L. Bossier, Jr.  (collectively "Avondale Interests"), adopt Lamorak's motion.[2]  The Louisiana Insurance Guaranty Association ("LIGA") and defendant, Eagle, Inc., have filed memoranda in support of Lamorak's motion.[3]  Plaintiff, Callen J. Cortez, opposes Lamorak's motion.[4]  For the following reasons, the Court grants the motion, staying and administratively closing this case until September 12, 2021.

---

[1]      R. Doc. 228
[2]      R. Doc. 238.
[3]      R. Doc. 237; 232.
[4]      R. Doc. 229

## I.    BACKGROUND

Lamorak raises three grounds upon which, it argues, a stay should be granted.  First, Lamorak contends that, on March 11, 2021, a Pennsylvania state court declared Bedivere Insurance Company (Bedivere)—an entity that includes Lamorak by merger—insolvent and placed Bedivere in liquidation.[5] The Pennsylvania order stays all proceedings against Lamorak, and Lamorak asserts that comity principles require the Court to enforce that stay.[6]  Second, Lamorak asserts that the Court is bound by Louisiana Revised Statute § 22:2068(A).  Lamorak asserts that the Louisiana statute requires a six-month stay of claims from the date of insolvency against Lamorak and any insureds for which Lamorak was providing a defense.[7]  Third, Lamorak invokes the Court's inherent authority to manage its docket and asserts that a stay of all proceedings is justified to manage this litigation efficiently.[8] Lamorak ultimately asks the Court to stay all discovery and pre-trial activity until September 12, 2021.[9]  The Court considers the motion below.

---

[5]    R. Doc. 228-2 at 1.
[6]    *Id.*
[7]    *Id.* at 8.
[8]    *Id.* at 7.
[9]    R. Doc. 234-3 at 3.

## II.   DISCUSSION

It is well-established in the Fifth Circuit that "[f]ederal law consigns to the states the primary responsibility for regulating the insurance industry." *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997); *see also Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir. 1998) (observing that Congress has consigned "to the States broad and primary responsibility for regulating the insurance industry").  The Court considers Lamorak's motion in light of this principle.

### A.   The Pennsylvania Order

The parties agree that the Pennsylvania court's stay order, which stays proceedings against Lamorak alone, should be enforced by this Court.[10]  The Pennsylvania order provides:

> 13.  Unless the Liquidator consents thereto in writing, no action at law or in equity, including, but not limited to, an arbitration or mediation, the filing of any judgment, attachment, garnishment, lien or levy of execution process against Bedivere or its assets, shall be brought against Bedivere or the Liquidator or against any of their employees, officers or liquation officers for acts or omissions in their capacity as employees, officers or liquidation officers of Bedivere or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the effective date of this Order.  All above-enumerated actions currently pending against Bedivere in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against

---

[10]    R. Doc. 229 at 2, 9; R. Doc. 234-3.

the estate of Bedivere pursuant to Section 538 of Article V, 40
P.S. § 221.38.

The Fifth Circuit's decision in *Anshutz v. J. Ray McDermott Co., Inc.*, 642
F.2d 94 (5th Cir. Unit A Mar. 1981), is instructive.  There, the Fifth Circuit
considered whether it should stay an appeal in light of a state-court order
that placed the insurer-defendant in liquidation.  The *Anshutz* court stayed
the appeal, noting that "[r]ecognition by this Court of the effectuation of the
liquidation of this insurance company by the State of Illinois is in accordance
with the federal policy which directs that the control over the insurance
business remain[s] in the hands of the states." *Id.* at 95.  The *Anshutz* court
went on to note that "[a]n orderly liquidation requires that this Court not
interfere with the order of the Circuit Court of Cook County." *Id.*  In light of
*Anshutz*, the Court finds that it must stay proceedings against Lamorak. *See
also Olin Corp. v. Lamorak Ins.*, 2021 WL 982426, at *4 (S.D.N.Y. Mar. 15,
2021) (Rakoff, J.) (holding that the Pennsylvania court order required the
Court to stay proceedings against Lamorak).

### B.    The Louisiana Statute

Lamorak also invokes the Louisiana Insurance Guaranty Association
Law ("LIGAL"), La. Rev. Stat. § 22:2051, *et seq.*  LIGAL creates LIGA, which
it defines as "a private nonprofit unincorporated legal entity" that must
perform certain duties under the LIGAL.  La. Rev. Stat. § 22:2056.  For

example, the LIGAL provides that LIGA "shall . . . [b]e obliged to pay covered claims . . . existing prior to the determination of the insurer's insolvency . . . ." La. Rev. Stat. § 22:2058. "In the event that a member-carrier became insolvent, it was envisioned that LIGA would assume all the benefits and obligations of the direct insurance policies underwritten by the defunct carrier." *Sifers v. Gen. Marine Catering Co.*, 892 F.2d 386, 388 (5th Cir. 1990) (applying Louisiana law); *see also Morris v. E. Baton Rouge Par. Sch. Bd.*, 826 So. 2d 46, 51 (La. App. 1 Cir. 2002) ("Under the provisions of [LIGAL], when a claim is made against an insolvent insurer, LIGA steps into the shoes of the insolvent insurer."). The Court notes that plaintiff has sued LIGA as the alleged successor to American Mutual Liability Insurance Company ("AMLIC").[11]

Lamorak and LIGA assert that the Court must enforce a stay under the following provision of the LIGAL:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

---

[11]     R. Doc. 1-1 at 4 ¶ 6.

La. Rev. Stat. § 22:2068(A).  Lamorak and LIGA contend that, because Lamorak is an insolvent insurer within the meaning of the statute, the automatic stay is required.  In addition, Lamorak contends that the automatic stay provision requires a stay not only of plaintiff's claims against Lamorak, but against the entities Lamorak is obligated to defend.[12]  Lamorak represents that, before its insolvency, it was providing a defense to the Avondale Interests, Eagle Inc., and McCarty Corporation.[13]

"The intent of [Section 22:2068(A) is] to give Louisiana Insurance Guaranty Association an adequate opportunity to review claims against the failed insurance company and enter a timely defense . . . ." *Webb v. Blaylock*, 590 So. 2d 643, 645 (La. App. 3 Cir. 1991), *writ denied*, 591 So. 2d 700 (La. 1992).  Plaintiff asserts that LIGA does not need additional time to prepare in this case,[14] because LIGA has been a defendant in this action since the beginning of the case as the alleged successor to AMLIC.[15]  LIGA does not dispute that it is familiar with the claims related to AMLIC's potential liability and that of its alleged insured, Gabler Insulations, Inc.[16]  But plaintiff's complaint contains distinct factual allegations against Lamorak's

---

[12]   R. Doc. 228-2 at 2.
[13]   *Id.*
[14]   R. Doc. 229 at 3.
[15]   R. Doc. 1-1 at 4 ¶ 6.
[16]   R. Doc. 237 at 3.

insureds, which include the Avondale Interests.   For example, plaintiff alleges that he was exposed to asbestos while riding to Avondale Shipyards with other co-workers, who were wearing clothes that were contaminated with asbestos.[17]   LIGA contends that investigating these claims will involve additional discovery efforts that go to those alleged exposure theories.[18]   As a result, LIGA contends that it requires additional time to investigate the claims related to Lamorak and its alleged insureds.[19]

Plaintiff also asserts that application of La. Rev. Stat. § 22:2068(A) is not required because he is entitled to an expedited trial under La. Code Civ. Proc. art. 1573.[20]   This provision indicates:

> The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference.

La. Code Civ. Proc. art. 1573.   Plaintiff represents that he is both over the age of seventy and suffers from terminal mesothelioma, which would entitle him to an expedited trial in state court.[21]

---

17   *Id.* at 5 ¶ 8.
18   R. Doc. 237.
19   *Id.* at 3.
20   R. Doc. 229 at 2.
21   *Id.*

7

This Court is not bound by Louisiana Code of Civil Procedure Article 1573.  That provision relates to scheduling preferences and the Court's trial calendar, and is a paradigmatic procedural provision.  Where, as here, a case is removed under the Federal Officer Removal Statute, 28 U.S.C. § 1442,[22] federal procedural law applies.  *Cf. Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 786 F. App'x 457, 460 (5th Cir. 2019) (noting that, when federal jurisdiction is fixed upon diversity jurisdiction, courts must "apply state substantive law and federal procedural law"); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010) (noting that when a case is removed under the Federal Officer Removal Statute "the *substantive* law to be applied is unaffected by removal" (emphasis added)).

Moreover, Federal Rule of Civil Procedure 40 governs the preferences that federal district courts are to give in scheduling matters for trial.  It provides:

> Each court must provide a rule for scheduling trials.  The court must give priority to actions entitled to priority by a *federal statute*.

Fed. R. Civ. P. 40 (emphasis added).  The Federal Rules require federal district courts to assign trial priorities when required by federal, not state, law.  Plaintiff has cited to no provision of federal law that would require the

---

[22]    R. Doc. 77 at 3.

Court to defer to the scheduling preferences set out in Louisiana Code of Civil Procedure Article 1573. Accordingly, Louisiana Code of Civil Procedure Article 1573 does not apply here.

Even though Article 1573 does not bar a stay under Section 22:2068(A), the Court need not resolve whether it is bound by the stay provision in Section 22:2068(A). As explained below, the Court invokes its inherent power to stay a proceeding to order a brief stay of this case.

### C.   Discretionary Authority

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent authority extends to granting a stay in an appropriate proceeding. *See, e.g.*, *Landis*, 299 U.S. at 254; *Complaint of Hornbeck Offshore (1983) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *United States v. FEDCON Joint Venture*, No. 16-13022, 2017 WL 897852, at *1 (E.D. La. Mar. 7, 2017); *Suzlon Infrastructure, Ltd. v. Pulk*, No. 09-2206, 2010 WL 3540951, at *4 (S.D. Tex. Sept. 20, 2010). Although the Court has discretion to grant a stay, that discretion "is not unbounded." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "[S]tay orders will be reversed when they are

found to be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (collecting cases). "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

The U.S. Supreme Court's decision in *Landis* governs the Court's analysis in terms of the factors it must consider in deciding whether to grant a discretionary stay. *See, e.g., Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2915488, at *6 (E.D. La. May 9, 2017) (citing *Landis* in determining whether to grant a discretionary stay); *FEDCON Joint Venture*, 2017 WL 897852, at *1 (same); *Harch Hyperbarics, Inc. v. Martinucci*, No. 09-7467, 2011 WL 2119077, at *6 (E.D. La. May 26, 2011) (same). Under *Landis*, the Court "must weigh competing interests and maintain an even balance" when considering whether to grant a stay. *Landis*, 299 U.S. at 254-55. Courts consider the following factors in applying *Landis*: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy." *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014); *see also Strong ex rel. Tidewater, Inc. v.*

*Taylor*, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013) (considering these three factors); *Collins v. Angiodynamics, Inc.*, No. 13-5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013) (same).

The Court finds that the considerations here weigh in favor of a six-month stay.  As to the first factor—the hardship imposed on the moving party—the Court has already found that because Lamorak, the moving party, was declared insolvent in liquidation proceedings, a stay is required so as not to interfere with its orderly liquidation.  Further, absent a stay, LIGA would not have sufficient time to investigate the claims against Lamorak, now that LIGA stands in Lamorak's shoes as to those claims.  In addition, Lamorak was providing a defense to the Avondale Interests, Eagle, Inc., and McCarty Corporation before Lamorak's insolvency.[23]  The Court takes into account the hardships these litigants and LIGA would experience were litigation to proceed before LIGA had the opportunity to prepare a defense.[24]  *See Landis*, 299 U.S. at 254 (noting that courts should weigh the interests of litigants other than the movant).  The Court finds that the first factor weighs in favor of a stay.

---

[23]    R. Doc. 228-2 at 2; R. Doc. 237 at 6.
[24]    R. Doc. 228-2 at 5; R. Doc. 237 at 3.

11

As to the second factor—prejudice to the non-moving party—the Court considers Cortez's representation that he is over the age of seventy and suffers from terminal mesothelioma.[25]   Plaintiff asserts that he will be harmed if trial is continued given the possibility that his health may further deteriorate before trial.[26]  Although plaintiff does not style this argument in terms of his suffering legal prejudice to his claims,[27] the Court considers plaintiff's interest in proceeding to trial as a "competing interests" under the *Landis* balancing test.  *Landis*, 299 U.S. at 254-55.  The Court finds that the second factor weighs against granting the stay.

As to the third factor, the Court considers judicial economy.  This case involves several alleged manufacturers of asbestos-containing materials, insurers, and other corporate entities.[28]   The Court is required, at a minimum, to stay plaintiff's claims against Lamorak under the Pennsylvania state court's order.   Lamorak was providing a defense to the Avondale Interests, Eagle, Inc., and McCarty Corporation.[29]   Were the Court to stay

---

[25]   R. Doc. 229 at 2.

[26]   *Id.* at 5.

[27]   *Id.* at 5.  Plaintiff does not specifically argue that he will be "prejudiced" by the stay.  *Prejudice*, *Black's Law Dictionary* (11th ed. 2019) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims").  This is especially the case given that the Court has found that it is not bound by Louisiana Code of Civil Procedure Article 1573.

[28]   R. Doc. 1-1 at 1-3 ¶ 2.

[29]   R. Doc. 228-2 at 2; R. Doc. 237 at 6.

proceedings against only Lamorak, and not plaintiff's claims against other parties, the Court finds that litigation would proceed in a haphazard and inefficient manner.  The Court finds that the third factor weighs in favor of granting the stay.

Taking the above factors into account, the Court finds that a brief, six-month administrative stay of the entire case, from the date of the Pennsylvania state court's liquidation order—roughly four months from the date of this Order—is necessary to ensure that litigation proceeds in an efficient and orderly fashion.


## III.   CONCLUSION

Accordingly, this matter is STAYED and ADMINISTRATIVELY CLOSED until September 12, 2021.


New Orleans, Louisiana, this __20th__ day of May, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13