UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ                                        CIVIL ACTION

VERSUS                                                        NO. 20-2389

LAMORAK INSURANCE COMPANY,                  SECTION "R" (1)
ET AL.

## ORDER AND REASONS

Before the Court is defendant Louisiana Insurance Guaranty
Association's ("LIGA") motion for summary judgment as to plaintiff Callen
Cortez's claims arising out of American Mutual Liability Insurance Company
("AMLICO")'s insurance coverage of Gabler Insulations, Inc. ("Gabler").[1]
Plaintiff opposes the motion.[2]

Because material facts remain in dispute, the Court denies LIGA's
motion.

## I.    BACKGROUND

This is an asbestos exposure case.  Plaintiff Callen Cortez alleges that
he contracted mesothelioma as a result of direct exposure to asbestos during

---

[1]      R. Doc. 327.
[2]      R. Doc. 344.

his employment at, *inter alia*, Huntington Ingalls, Inc. ("Avondale"),[3] as well as take-home exposure resulting from his brothers' employment at Avondale,[4] and his father's employment at, *inter alia*, Gabler.[5]  The record indicates that plaintiff's father, Calise Cortez, worked for Gabler during the final quarter of 1967.[6]  Plaintiff testified that he recalls his father coming home from work wearing a hardhat labeled "Gabler Insulation."[7]  Plaintiff himself never worked for Gabler.

At the time of plaintiff's father's employment with Gabler, Gabler held a policy of liability insurance with AMLICO.[8]   AMLICO was declared insolvent and liquidated in 1989.[9]  It is undisputed that, by state statute, LIGA is now responsible for AMLICO's insurance obligations to Gabler.[10]

On November 16, 2021, LIGA moved for summary judgment, seeking dismissal of plaintiff's claims against LIGA arising out of AMLICO's obligations to Gabler.[11]  LIGA contends that plaintiff has not introduced

---

[3]    R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).

[4]    R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

[5]    R. Doc. 1-1 at 7-8 (Complaint ¶¶ 11-12).

[6]    R. Doc. 327-3 at 5 (Social Security Statement of Earnings, Calise Cortez).

[7]    R. Doc. 344-4 at 7-8 (Deposition of Callen Cortez at 422:24-423:11).

[8]    R. Doc. 327-1 ¶ 8 (Declaration of Malcolm Twiner, Jr.).

[9]    *Id.* ¶ 5.

[10]   R. Doc. 327-9 at 1.

[11]   R. Doc. 327.

sufficient evidence that his father worked with or was exposed to asbestos-containing products during his employment with Gabler in 1967.[12]   LIGA further argues that any take-home exposure experienced by plaintiff would have been insubstantial in light of the brevity of his father's employment with Gabler, and that therefore, any exposure attributable to Gabler was not a substantial factor in causing plaintiff's injuries.[13]   Plaintiff opposes the motion, contending that the record contains evidence sufficient to create an issue of fact as to plaintiff's claims regarding exposure by means of his father's employment with Gabler.[14]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence

---

[12]   R. Doc. 327-9 at 4.
[13]   *Id.* at 8.
[14]   R. Doc. 344 at 3-22.

in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's

4

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

Under Louisiana law, in an asbestos-exposure case, the claimant must show that (1) "he had significant exposure to the product complained of," and that (2) the exposure to the product "was a substantial factor in bringing

about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)).   The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004).

LIGA contends that, with respect to Gabler, plaintiff is unable to meet his burden on either requirement.

## A.   Significant Exposure

First, LIGA argues that plaintiff lacks adequate evidence that his father worked with asbestos insulation during his employment with Gabler, and that plaintiff was exposed to asbestos as a result.[15]   This assertion is wrong. Plaintiff testified that his father, Calise Cortez, worked as an insulator for Gabler at the Nine Mile Point power plant in 1967.[16]   Plaintiff also testified that, when his father returned home from his work for Gabler, his clothes were covered in white dust from insulation.[17]   Specifically, plaintiff explained that his father "would come home covered with the dusty fiber," which "was

---

[15]   R. Doc. 327-9 at 6-7.

[16]   *See* R. Doc. 344-4 at 7, 17 (Deposition of Callen Cortez at 422:8-423:11, 834:6-19).

[17]   *Id.* at 19 (Deposition of Callen Cortez at 836:3-23).

on his clothes, on his skin, and in his hair and on his boots and his hands."[18] Plaintiff stated that he knew that his father was working with asbestos-containing products, because plaintiff himself worked as an insulator, and recognized the fibers.[19] *See Francis v. Union Carbide Corp.*, 116 So. 3d 858, 863 (La. App. 4 Cir.), *writ denied*, 123 So. 3d 177 (La. 2013) (reversing summary judgment and finding an issue of material fact when the record indicated that "work with asbestos-containing materials was conducted at [defendant's plant] while [plaintiff]'s father worked there," and plaintiff's "deposition testimony places him around his father's 'dusty' work clothing").

Furthermore, plaintiff submits testimony from a deposition of a corporate representative of Entergy New Orleans, Inc. ("Entergy"),[20] which owns and operates the Nine Mile Point plant.  The deposition was taken as part of an asbestos case in Louisiana state court.  In its reply memorandum, LIGA objects to the admissibility of this evidence under Rule 32(a)(8) of the Federal Rules of Civil Procedure.[21]  It contends that there is no indication that the state-court litigation, in which Entergy's deposition was taken,

---

18      *Id.*

19      *Id.*

20      R. Doc. 344-8 (Corporate Deposition of Entergy New Orleans, Inc. through Gustave VonBodungen, *McCord, et al. v. Asbestos Defendants, et al.*, Civ. Dist. Ct. Par. of Orleans, No. 2008-4457) (May 20, 2009).

21      R. Doc. 357 at 2.

involved the "same subject matter between the same parties, or their representatives or successors in interest." Fed. R. Civ. P. 32(a)(8). But this objection is misplaced. Rule 32 governs the use of deposition testimony "[a]t a hearing or trial." Fed. R. Civ. P. 32(a)(1). Evidence considered on summary judgment need not be presented in a form actually admissible at trial, and instead must merely be capable of being presented in admissible form. Fed. R. Civ. P. 56(c)(2). Plaintiff could readily submit this evidence in admissible form at trial by, for instance, calling a corporate representative of Entergy, which is a named defendant in this matter. Moreover, many courts have approved of the use of sworn testimony on summary judgment, even if that testimony may not satisfy Rule 32(a)(8). *See, e.g.*, *Gamble v. FCA US LLC*, 993 F.3d 534, 538 (7th Cir. 2021); *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1415 n.12 (5th Cir. 1993) ("Although Rule 56 does not expressly contemplate the use of [testimony from a prior trial] in granting summary judgment, we find no error in relying upon such evidence. It is well-settled that a certified transcript of a judicial proceeding may be considered on a motion for summary judgment."); *Tingey v. Radionics*, 193 F. App'x 747, 765-66 (10th Cir. 2006) (finding that Rule 32 does not restrict summary-judgment evidence and permitting the consideration of a deposition from another proceeding as if it were an affidavit); *Bingham v. Jefferson Cty.*, No.

8

11-48, 2013 WL 1312563, at *6 (E.D. Tex. Mar. 1, 2013), *report and recommendation adopted as modified*, No. 11-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013) (same). Here, the corporate testimony submitted by plaintiff was given under oath as part of another asbestos matter in Louisiana state court. The Court finds that the deposition is proper summary-judgment evidence.

As to the substance of the deposition, Entergy's corporate representative testified that the insulation used in the construction of all of the units of the Nine Mile Point power plant contained asbestos.[22] Specifically, Entergy testified that there was asbestos in the insulation on pipes, boilers, and gaskets in Units 1 and 2 of the plant.[23] This corporate testimony, and plaintiff's testimony that his father came home from his Gabler work covered in dust, create a genuine issue of fact as to whether plaintiff's father was exposed to asbestos during his employment with Gabler at Nine Mile Point.

Moreover, the record contains evidence that plaintiff suffered take-home exposure by virtue of his father's asbestos exposure at that plant. On

---

[22]   *See* R. Doc. 344-8 (Corporate Deposition of Entergy New Orleans, Inc. through Gustave VonBodungen).

[23]   *Id.* at 8-12 (Corporate Deposition of Entergy New Orleans, Inc. through Gustave VonBodungen at 134:16-136:6, 139:16-140:23).

this issue, the parties dispute at length whether plaintiff had laundry duties involving his father's work clothes during his father's employment with Gabler. Although proof of such laundry duties would tend to strengthen plaintiff's case, at this juncture, resolution of this issue is unnecessary. The record contains evidence suggesting that Calise Cortez came home with white dust on his clothes during the relevant period, and thus exposed his household to asbestos. And the evidence of household exposure goes beyond the disputed laundry duties. For instance, plaintiff testified that when his father came home from work, he would take off his shirt, but would otherwise stay in his work clothes as he ate dinner with the family, and would stay in those clothes until his evening bath.[24] Plaintiff also testified that all of the family's clothes were washed together.[25]

Furthermore, plaintiff submits expert evidence indicating that he and his family suffered take-home asbestos exposure as a result of his father's exposure at work. The Court notes that, on this issue, plaintiff attaches to his opposition declarations from two of his experts: (i) Gerard Baril, an industrial hygienist,[26] and (ii) Dr. Stephen Terry Kraus, a radiation

---

[24]   R. Doc. 344-5 at 2 (Perpetuation Deposition of Callen Cortez at 68:2-14).

[25]   *Id.* (Perpetuation Deposition of Callen Cortez at 68:15-17).

[26]   R. Doc. 344-9 at 1-2 (Declaration of Gerard Baril, CIH).

oncologist.[27]  While LIGA does not object to these expert declarations, the Court declines to consider them on summary judgment.  Plaintiff is not entitled to buttress his experts' opinions by way of affidavits generated in response to a motion for summary judgment.  *See Cleave v. Renal Care Grp., Inc.*, No. 04-161, 2005 WL 1629750, at *1 (N.D. Miss. July 11, 2005) ("A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinions differ from the earlier Rule 26 report."); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex. 2001) (same); *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.*, No. 97-1609, 1999 WL 135297, at *4 (E.D. La. Mar. 11, 1999) (striking a supplemental expert report that "touche[d] upon nothing . . . mentioned in the first report"); *cf. AIG Eur., Ltd. v. Caterpillar, Inc.*, 831 F. App'x 111, 116 (5th Cir. 2020) (per curiam) (affirming the district court's exclusion of plaintiff's supplemental expert report on causation).

The parties have not briefed whether the expert declarations differ from or discuss issues not addressed in Barile's and Dr. Kraus's original Rule 26 reports.  But plaintiff includes as attachments to the expert declarations these experts' original reports.  LIGA has not objected to these experts' qualifications, their methodology, or their reliability.  The Court therefore

---

[27]    R. Doc. 344-11 at 1-4 (Declaration of Dr. Stephen Terry Kraus).

confines its summary-judgment inquiry to the original expert reports submitted by Barile and Dr. Kraus.

In reviewing the reports, the Court finds that they create an issue of fact as to whether plaintiff was exposed to asbestos by virtue of Calise Cortez's work at Gabler. Specifically, Barile indicates in his expert report that, "[b]ased on the condition of Calise Cortez'[s] clothing[,] as reported by [plaintiff], an insulator working at Nile Mile Point would have had his clothing contaminated with asbestos[-]containing insulation materials," and that, therefore, "[plaintiff] and his family were para-occupationally exposed to asbestos."[28] Barile further opines that "the family home was contaminated with asbestos."[29] Similarly, Dr. Kraus opines that plaintiff "had significant paraoccupational asbestos exposure through the work of his father while working at . . . Nine Mile Point power plant."[30]

Accordingly, the Court finds that material facts remain in dispute as to whether plaintiff was exposed to asbestos through his father's work for Gabler in 1967. *See, e.g.*, *Francis*, 116 So. 3d at 863 (reversing summary judgment in light of evidence that plaintiff's father worked at a plant where asbestos-containing materials were used, and plaintiff was around his

---

[28]   R. Doc. 344-9 at 25-26 (Barile Report).
[29]   *Id.* at 26.
[30]   R. Doc. 344-11 at 13 ¶ 46 (Kraus Report).

father's "dusty" clothing); *Zimko v. Am. Cyanamid*, 905 So. 2d 465, 491 (La. App. 4 Cir. 2005), *writ denied*, 925 So. 2d 538 (2006) ("In the absence of any testimony that conditions at [defendant]'s . . . plant differed from the industry norm, [plaintiff's expert]'s knowledge of prevailing industry practices and conditions constitutes competent, indeed compelling, evidence that he could rely upon to infer that [plaintiff]'s household exposure to asbestos fibers was sufficient to cause malignant mesothelioma."); *Grant v. Am. Sugar Ref., Inc.*, 952 So. 2d 746, 749-50 (La. App. 4 Cir. 2007) (finding an issue of material fact based on evidence that plaintiff's father worked at a plant where asbestos-containing products were used, and that plaintiff washed his father's work clothes during that time).

LIGA is not entitled to summary judgment as to whether plaintiff was exposed to asbestos as a result of his father's work for Gabler.

### B.    Substantial Factor in Causing Injury

LIGA also contends that, even if plaintiff were exposed to asbestos through his father's work at Gabler, he cannot show that the exposure was a substantial factor in causing his injury.[31]   LIGA emphasizes that Calise Cortez's employment with Gabler lasted for only a short period of time, and

---

[31]    R. Doc. 327-9 at 4, 8-9.

argues that, accordingly, any contact would have been "extremely minimal."[32]

This argument fails for two reasons. First, the brevity of plaintiff's asbestos exposure does not alone warrant summary judgment for the defendant. As the Louisiana Supreme Court has explained, "[s]imply because a plaintiff suffered asbestos exposure while working only a short period for an employer," and "had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor in causing his mesothelioma." *Rando*, 16 So. 3d 1065 at 1091. Second, plaintiff's two experts each opine that plaintiff's exposure through his father's work at Gabler contributed to his mesothelioma. Specifically, Baril states that Gabler's failure to take precautions to "prevent [its] workers from wearing asbestos-contaminated clothing to their homes significantly increased [plaintiff's] risk of developing mesothelioma."[33] Similarly, Dr. Kraus opines that plaintiff's "significant paraoccupational asbestos exposure through the work of his father" at Nine Mile Point was "a significant contributing favor to the development of [plaintiff's] mesothelioma."[34]

---

[32]   *Id.* at 4.
[33]   R. Doc. 344-9 at 26 (Barile Report).
[34]   R. Doc. 344-11 at 13 ¶ 46 (Kraus Report).

Accordingly, LIGA is not entitled to summary judgment as to whether plaintiff's exposure through his father's work for Gabler was a substantial factor in causing his mesothelioma.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES LIGA's motion for summary judgment.


New Orleans, Louisiana, this ___7th___ day of February, 2022.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE