UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendants Certain Underwriters at Lloyd's, London Market Companies ("Certain London Market Insurers").[1] Plaintiff Callen Cortez opposes the motion.[2]

Plaintiff has sued Certain London Market Insurers in their capacity as the liability insurers of certain former executive officers of Huntington Ingalls, Inc. ("Avondale").[3] On February 9, 2022, Avondale moved for summary judgment, seeking dismissal of all of plaintiff's claims against it.[4] Avondale contended that all of plaintiff's claims were preempted by the

---

[1] R. Doc. 481.
[2] R. Doc. 656.
[3] R. Doc. 301 at 3 ¶ 103 ("Pursuant to Louisiana Revised Statute [§] 22:1269, Plaintiff herein asserts a direct action against Certain Underwriters at Lloyd's, London for the liability of Albert Bossier, Jr. as well as the following deceased executive officers . . . .").
[4] R. Doc. 386.

Longshore and Harbor Workers' Compensation Act ("LHWCA").[5] On February 28, 2022, Certain London Market Insurers moved for summary judgment, seeking dismissal of plaintiff's claims against them.[6] Movants fully adopt the arguments and authorities in Avondale's motion for summary judgment, and contend that Avondale has shown that movants' insureds are not liable for plaintiff's claims.[7] Movants therefore seek dismissal of plaintiff's claims against them, on the grounds that an alleged tortfeasor's insurer is not liable if the insured tortfeasor is not liable.[8] Movants request that, for the reasons given by Avondale, "an identical ruling be entered in favor of Certain London Market Insurers."[9]

The Court grants the motion in part, and denies the motion in part. On April 4, 2022, the Court granted in part, and denied in part, Avondale's motion for summary judgment.[10] The Court dismissed all of plaintiff's claims against Avondale, except his claims brought against Avondale in its capacity as his brother, Daniel Cortez's, employer, arising out of alleged asbestos exposure from Daniel's work clothes brought home from Avondale.[11] But

---

5   *Id.*
6   R. Doc. 481.
7   R. Doc. 481-1 at 1-3.
8   *Id.*
9   *Id.* at 1.
10  R. Doc. 886.
11  *Id.* at 35.

Avondale did not seek dismissal of plaintiff's claims against the insurers of Avondale's executive officers. Indeed, plaintiff noted this omission in his opposition to the motion, writing in a footnote that "the only mover on this motion is Avondale, and the motion only seeks to dismiss Plaintiff's claims against Avondale. It does not seek a dismissal of any claims against Avondale's insurers for the liability of the executive officers."[12] In reply, Avondale did not mention the issue. The Court's summary-judgment order therefore did not address plaintiff's executive-officer insurer claims, and those claims have not yet been dismissed. To the extent that Certain London Market Insurers seeks dismissal of plaintiff's claims against them solely on the basis of Avondale's summary-judgment motion, the motion must be denied.

But to the extent that movants independently seek to dismiss plaintiff's claims of insurer liability as to Avondale's executive officers, the motion is granted in part and denied in part. As the Court found in ruling on Avondale's motion for summary judgment, plaintiff's claims arising out of his employment with Avondale are preempted by the LHWCA and must be dismissed.[13] While the Court did not address insurer liability in its ruling,

---

[12] R. Doc. 580 at 1 n.1.
[13] R. Doc. 886 at 8-21.

the claims against movants in their capacity as the executive officers' insurers during that period of employment must be dismissed for the same reasons. The Fifth Circuit has "held that the LHWCA impliedly grants the employer's insurance carrier, and the insurance carrier of co-employees, the same immunity which it grants the employer and co-employees." *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 811 (5th Cir. 1988) (citing *Johnson v. American Mutual Liability Ins. Co.*, 559 F.2d 382 (5th Cir. 1977)). While the LHWCA does not specifically immunize insurers, *see* 33 U.S.C. §§ 905(a), 933(i), the Fifth Circuit has explained that "numerous provisions of the Act and the spirit of the Act as a whole, [which] equat[e] the insurer with the employer, negate any intent to hold the insurer liable to suit for damages as a third person." *Johnson*, 559 F.2d at 388 & n.10 (citing 33 U.S.C. §§ 905(a), 917(a), 928, 932(a), 933, 935, 936 and 941)). Accordingly, the Court grants summary judgment as to plaintiff's claims against Certain London Market Insurers insofar as those claims are asserted against movants in their capacity as the insurers of Avondale's executive officers during the period of plaintiff's employment with Avondale.

  That said, for the reasons given in the Court's order on Avondale's motion for summary judgment, plaintiff has introduced evidence supporting claims that are *not* preempted by the LHWCA. Specifically, the Court has

4

not dismissed plaintiff's non-employment claims arising out of Avondale's employment of his brother, Daniel.[14] Accordingly, LHWCA preemption does not warrant dismissal of plaintiff's claims against movants in their capacity as insurers of executive officers who acted during Daniel's, rather than plaintiff's, employment with Avondale. Movants do not raise any non-preemption arguments as to why the Court should dismiss plaintiff's executive-officer insurer claims arising out of Daniel's employment. Summary judgment is therefore not warranted as to these claims.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Certain London Market Insurers' motion for summary judgment.[15] Plaintiff's claims against Certain London Market Insurers in their capacity as insurers of Avondale executive officers during the period of plaintiff's employment with Avondale, are DISMISSED.

New Orleans, Louisiana, this ___6th___ day of April, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 22-32.
[15] R. Doc. 481.