UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff Callen Cortez's motion for summary judgment that (1) he has mesothelioma, and that (2) asbestos was the cause of his mesothelioma.[1] Opposition memoranda were filed by defendants Huntington Ingalls, Inc. ("Avondale"),[2] ViacomCBS, Inc. ("Westinghouse"), Foster Wheeler, LLC, and General Electric Company ("GE"),[3] Goodrich Corporation ("Goodrich"),[4] Bayer CropScience, Inc. ("Amchem"),[5] and Hopeman Brothers, Inc. and third-party defendant Liberty Mutual Insurance Company as the alleged insurer of Wayne Manufacturing Corporation (collectively, "the Hopeman Interests").[6] The Court considers the motion below.

---

[1]  R. Doc. 504.
[2]  R. Doc. 708.
[3]  R. Doc. 756.
[4]  R. Doc. 802.
[5]  R. Doc. 812.
[6]  R. Doc. 816.

The record in this case contains undisputed medical evidence indicating that plaintiff, Callen Cortez, has mesothelioma. Plaintiff's treating physician, Dr. Johnny Perez, diagnosed plaintiff with mesothelioma on June 10, 2020.[7] Dr. Rodney Landreneau testified that he agreed with the diagnosis.[8] Dr. Stephen Kraus testified that plaintiff has mesothelioma, and that his mesothelioma was caused by asbestos exposure.[9] Defense expert, Dr. Brent Staggs, similarly testified that plaintiff has malignant mesothelioma, and that his mesothelioma was caused by asbestos exposure.[10] Based on these opinions from multiple doctors, the Court finds that plaintiff has "come forward with evidence which would 'entitle [him] to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (citations omitted). Plaintiff has therefore discharged his burden as the summary-judgment movant.

While eight defendants collectively filed five oppositions to plaintiff's motion, a review of their memoranda reveals that they do not oppose summary judgment on these issues. Avondale writes on the first page of its

---

[7]   R. Doc. 504-4 at 2 (Diagnosis Report of Johnny Perez, MD).
[8]   R. Doc. 504-6 at 5 (Deposition of Dr. Rodney Landreneau at 39:7-9).
[9]   R. Doc. 504-5 at 4 (Deposition of Dr. Stephen Kraus at 297:10-15).
[10]  R. Doc. 504-7 at 2 (Deposition of Dr. Brent Christopher Staggs at 17:1-6).

memorandum that it "does not contest that Mr. Cortez has been diagnosed with mesothelioma or that exposure to asbestos caused his illness."[11] Westinghouse, Foster Wheeler, and GE write that they "do not oppose Plaintiff, Callen Cortez's contention that he has mesothelioma."[12] The Hopeman Interests write that they "take no position regarding Callen J. Cortez's assertion that he has mesothelioma and that it was caused by asbestos."[13] Instead, the parties generally note that facts remain in dispute regarding *specific* causation, *i.e.*, the sources of plaintiff's exposure, the asbestos fiber types to which he was exposed, and whether particular products or defendants are responsible for causing his mesothelioma. But plaintiff does not seek summary judgment on any of this. The Court need not deny the "portion"[14] of plaintiff's motion regarding specific causation, because his motion contains no such portion. The opposing parties' arguments regarding specific causation do not warrant a denial of plaintiff's motion for summary judgment as filed.

The only parties that seemingly take issue with general causation are Goodrich and Amchem, who filed largely identical opposition memoranda.

---

[11]   R. Doc. 708 at 1.
[12]   R. Doc. 756 at 1.
[13]   R. Doc. 816 at 2.
[14]   R. Doc. 756 at 2.

These parties cite scientific evidence generally indicating that there are different types of asbestos fiber types with different implications for the development of mesothelioma, and that other factors, such as natural cell mutation, radiation, and a virus, can also cause mesothelioma.[15] But this evidence is beside the point. Plaintiff contends that his mesothelioma was caused by asbestos, not because mesothelioma is caused *only* by asbestos exposure, but instead because the record in *this* case, as to *this* plaintiff, indicates that asbestos exposure caused his mesothelioma. Goodrich and Amchem have not suggested, much less pointed to any evidence, that something other than asbestos caused plaintiff's mesothelioma. Indeed, Amchem's own medical expert, Dr. Gail Stockman, testified at her deposition that plaintiff has mesothelioma, and that, in her opinion, asbestos caused his mesothelioma.[16] And as to fiber type, the Court again notes that plaintiff does not seek summary judgment on this issue. Establishing that "asbestos" in general caused his mesothelioma does not preclude defendants from distinguishing among the different forms of asbestos as they see fit. Goodrich's and Amchem's attempts to create an issue of fact fail.

---

[15] *See* R. Doc. 802 at 4-5.
[16] R. Doc. 832-1 at 2 (Deposition of Dr. Gail D. Stockman at 23:1-8, :22-25).

4

Because plaintiff has "come forward with evidence which would 'entitle [him] to a directed verdict if the evidence went uncontroverted at trial,'" *id.*, and because none of the multiple defendants who filed oppositions to his motion has attempted to controvert this evidence, plaintiff is entitled to summary judgment on these issues. *See* Minute Entry at 2, *Savoie v. Huntington Ingalls, Inc.*, No. 15-1220 (E.D. La. Dec. 20, 2017) (granting plaintiffs' motion for summary judgment that decedent had mesothelioma, that it was caused by asbestos, and that it caused his death) (Barbier, J.).

For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment that (1) Callen Cortez has mesothelioma, and that (2) his mesothelioma was caused by asbestos.[17]  The Court makes clear that this ruling does not prevent any defendant from presenting to the jury evidence or arguments regarding *specific causation* of plaintiff's mesothelioma, including but not limited to issues of fiber type, toxicity of exposure, amounts of exposure, and the products and/or defendants to which his exposures may be attributed.

New Orleans, Louisiana, this __18th__ day of April, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17]  R. Doc. 504.