UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ                                        CIVIL ACTION

VERSUS                                                     NO. 20-2389

LAMORAK INSURANCE COMPANY,                 SECTION "R" (1)
ET AL.

## ORDER AND REASONS

Before the Court is plaintiff Callen Cortez's motion for review[1] of the Magistrate Judge's Order and Reasons[2] granting defendant Eagle, Inc.'s motion for leave to file a supplemental answer.[3]  Eagle opposes the motion.[4]

For the following reasons, the Court denies the motion as moot.

## I.     BACKGROUND

This is an asbestos exposure case.  Plaintiff Callen Cortez alleges that he contracted mesothelioma as a result of exposure to asbestos over the course of his career,[5] as well as take-home exposure resulting from his

---

[1]     R. Doc. 319.
[2]     R. Doc. 307.
[3]     R. Doc. 284.
[4]     R. Doc. 334.
[5]     R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).

father's[6] and brothers' work when the family shared a home.[7]   On July 1, 2020, plaintiff filed suit in the Civil District Court for the Parish of Orleans against approximately thirty-five defendants, including former employers, manufacturers, and insurance companies.[8]   Among the defendants is Eagle, an alleged supplier of asbestos-containing products.   On August 31, 2020, the case was removed to federal court.[9]

On March 11, 2021, Bedivere Insurance Company ("Bedivere") was declared insolvent pursuant to a liquidation order of the Commonwealth Court of Pennsylvania.[10]   Bedivere includes by merger Lamorak Insurance Company ("Lamorak"), which held a policy of insurance with Eagle, and was providing a defense to Eagle in this case prior to Bedivere's insolvency.[11]   On May 20, 2021, the Court granted a motion by Lamorak to stay these proceedings for six months pursuant to the Bedivere liquidation order.[12]   The stay was lifted on September 12, 2021.

---

[6]     *Id.* at 7-9 (Complaint ¶¶ 11-16).

[7]     R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

[8]     *Id.* at 1-3 (Complaint ¶¶ 1-3); *id.* at 45-48.

[9]     R. Doc. 1 (Notice of Removal).

[10]    R. Doc. 284-5 (Order of Liquidation, *Altman v. Bedivere Ins. Co.*, No. 1-BIC-2021 (Pa. Commw. Ct. Mar. 11, 2021)).

[11]    *See* R. Doc. 228-2 at 2 (Lamorak's Motion to Enforce Stay and Notice of Liquidation and Statutory Stay) (May 10, 2021).

[12]    R. Doc. 244.

On September 29, 2021, Eagle moved for leave to file a supplemental answer, asserting statutory defenses entitling it to certain credits and deductions under the Louisiana Insurance Guaranty Association ("LIGA") statute, in light of Bedivere's insolvency.[13]   Plaintiff opposed the motion, arguing that the supplement would be futile and cause him undue prejudice.[14]   On October 28, 2021, Magistrate Judge Janis van Meerveld granted Eagle's motion for leave, and ordered that the supplemental answer be filed into the record.[15]   On November 5, 2021, plaintiff filed a motion for review of the Magistrate Judge's order.[16]   Plaintiff largely reiterates the arguments he raised in his initial opposition to Eagle's motion before the Magistrate Judge, and requests that Eagle not be permitted to assert the LIGA-credit defense that it has raised.[17]

Eagle opposes the motion on the merits, and also contends that the motion is now moot.[18]   It reasons that its underlying motion for leave to supplement was considered under Rule 15(d) of the Federal Rules of Civil Procedure, which requires leave of court to file a supplemental pleading.

---

[13]   R. Doc. 284; *see* R. Doc. 284-6 (Eagle's Supplemental Answer).
[14]   R. Doc. 290.
[15]   R. Doc. 307.
[16]   R. Doc. 319.
[17]   *Id.*
[18]   R. Doc. 334.

However, after defendant sought leave to supplement, plaintiff filed an amended complaint,[19] which entitled Eagle to file an answer.  In that answer, Eagle reincorporated all defenses previously asserted, including the LIGA-credit defense.[20]  Eagle contends that, because it did not require leave of court to file this answer, plaintiff's motion for review, which seeks to have Eagle denied leave to supplement, is moot.[21]

## II.   DISCUSSION

The Court finds that plaintiff's motion for review of the Magistrate Judge's Order is moot.  Eagle originally sought leave to file its supplemental answer because its deadline for filing responsive pleadings to plaintiff's second amended complaint had expired.  Under Rule 15 of the Federal Rules of Civil Procedure, the court may, "[*o*]n *motion* and reasonable notice . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d) (emphasis added).  The Magistrate

---

[19]    R. Doc. 301 (Plaintiff's Third Supplemental and Amending Complaint).
[20]    R. Doc. R. Doc. 313 (Eagle's Answer to Plaintiff's Third Supplemental and Amending Complaint).
[21]    R. Doc. 334 at 4.

4

Judge, in the Order that plaintiff now seeks to have reviewed, granted Eagle leave to file the supplemental answer.

But in the meantime, plaintiff sought and obtained leave to file a third supplemental and amending complaint.[22]  Defendants filed answers to this amended complaint, including Eagle, whose answer "reavers all previous answers . . . as if copied [t]herein *in extenso*."[23]  Eagle did not need leave of court to file this answer.  Under Rule 12(a)(1), defendants had 21 days after service of plaintiff's amended complaint to file their responsive pleadings.  Eagle's answer was filed eight days after the amended complaint, and was timely.  And while most courts require leave to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint," *MC Asset Recovery, LLC v. Commerzbank AG*, No. 06-13, 2015 WL 13544919, at *5 (N.D. Tex. Dec. 10, 2015) (citations omitted), here, Eagle's answer is responsive to new matters raised in plaintiff's third amended complaint.  Specifically, plaintiff added, in his amended complaint, the following paragraph:

> Plaintiff also makes claims against The Louisiana Insurance Guaranty Association ("LIGA") who has statutory obligations to the plaintiff for policies of insurance issued by insolvent insurer, Lamorak Insurance Company . . . , based upon policies of

---

[22]   R. Doc. 301.

[23]   *See* R. Doc. 313 at 2 (Eagle's Answer to Plaintiff's Third Supplemental and Amending Complaint ¶ 4).

insurance,included but not limited to, employers' liability, commercial general liability insurance policies and/or excess liability insurance policies sold by Lamorak Insurance Company to Eagle, Inc. . . ."[24]

This new allegation arises out of Lamorak's (*i.e.*, Bedivere's) insolvency, which occurred after the filing of plaintiff's previous complaint.[25] Eagle's answer to the third amended complaint, incorporating all previous answers, responds directly to this new issue by asserting entitlement to a credit to which it was not entitled before Bedivere's insolvency. Plaintiff does not argue, and this Court does not find, that Eagle's answer to plaintiff's third amended complaint is either untimely or nonresponsive to the new issues asserted in the amended complaint.

Accordingly, Eagle's previously filed supplemental answer, which required leave of court at the time, is now beside the point. Eagle's operative answer is its answer to the amended complaint, and Eagle's ability to file that answer is not subject to dispute. The relief sought by plaintiff's motion would have no impact on the case, and his motion is therefore moot. *Cf. Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (denying a 12(b)(6) motion to dismiss as moot because a second

---

[24]   R. Doc. 301 at 4 (Plaintiff's Third Supplemental and Amending Complaint ¶ IV.104).

[25]   Plaintiff's second amended complaint was filed on January 20, 2021. R. Doc. 149. Bedivere was declared insolvent on March 11, 2021.

amended complaint had been filed in the meantime); *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (same).


## III.  CONCLUSION

For the foregoing reasons, the Court DENIES as MOOT plaintiff's appeal of the Magistrate Judge's Order and Reasons.[26]


New Orleans, Louisiana, this __11th__ day of May, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26]    R. Doc. 319.