UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

On February 24, 2022, defendant United States Fidelity & Guaranty Company ("USF&G") filed a motion for partial summary judgment, seeking dismissal of plaintiff Callen Cortez's punitive-damages claims against it.[1] The motion is unopposed. For the following reasons, the Court grants the motion.

### I.  BACKGROUND

This is an asbestos exposure case. Plaintiff Callen Cortez alleges that he contracted mesothelioma as a result of exposure to asbestos over the course of his career,[2] as well as take-home exposure resulting from his father's[3] and brothers' work when the family shared a home.[4] On July 1,

---

1   R. Doc. 414.
2   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
3   *Id.* at 7-9 (Complaint ¶¶ 11-16).
4   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

2020, plaintiff filed suit in the Civil District Court for the Parish of Orleans against USF&G and approximately thirty-four other defendants, including former employers, manufacturers, and insurance companies.[5] Plaintiff's petition asserts that "[a]ll defendants who are at fault for Mr. Cortez's exposure to asbestos during the years of 1984 through 1996 are liable to petitioner for punitive damages pursuant to Article 2315.3 of the Louisiana Civil Code."[6] On August 31, 2020, the case was removed to federal court.[7]

Defendant USF&G is sued in its capacity as an alleged insurer of Eagle, Inc.[8] USF&G now moves for summary judgment, contending that plaintiff's punitive-damages claims under former article 2315.3 of the Civil Code must be dismissed. Defendant states that this provision, which provided awards for punitive damages for the reckless handling and transportation of hazardous materials, was in effect from September 1984 until April 16, 1996.[9] USF&G asserts that it did not hold a policy of liability insurance with Eagle during this period, and therefore plaintiff cannot recover punitive damages

---

[5] R. Doc. 1-1 at 1-3 (Complaint ¶¶ 1-2); *id.* at 45-48.
[6] *Id.* at 43 (Complaint ¶ 90).
[7] R. Doc. 1 (Notice of Removal).
[8] R. Doc. 1-1 at 4 (Complaint ¶ 4).
[9] R. Doc. 414-1 at 1.

2

by direct action against USF&G.[10] It therefore seeks dismissal of those claims. The Court considers USF&G's arguments below.

## II. DISCUSSION

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The prior version of article 2315.3 of the Civil Code provided that: "In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or

---

[10]  *Id.* at 3.

transportation of hazardous or toxic substances." *Anderson v. Avondale Indus., Inc.*, 798 So. 2d 93, 96 (La. 2001) (quoting La. Civ. Code art. 2315.3 (repealed by Acts 1996)). This provision was effective from September 3, 1984 until it was repealed on April 16, 1996. *Williams v. Asbestos Defendants*, 95 So. 3d 497, 503 (La. App. 4 Cir. 2012), *writ denied*, 104 So. 3d 430, 430-34 (La. 2012). The Louisiana Supreme Court has held that the provision does not apply retroactively, and that, therefore, punitive damages under this provision are not available for injuries caused by conduct that occurred before September 3, 1984. *Anderson*, 798 So. 2d at 100-01; *see also Arledge v. Holnam, Inc.*, 957 F. Supp. 822, 827 (M.D. La. 1996) ("Article 2315.3 evaluates the conditions of the legality of conduct. If it were applied to evaluate conduct that occurred before its effective date, it would be retroactive.").

Furthermore, the insurer of an alleged tortfeasor is liable only for harmful exposures that occurred during the insurer's policy period with the tortfeasor. *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1076 (La. 1992). Here, USF&G has submitted evidence indicating that it did not have any liability policies with Eagle during the effective period of former article 2315.3. Specifically, the evidence indicates that USF&G held policies with Eagle from

4

November 1, 1977 until November 1, 1981.[11]  Its liability coverage of Eagle thus fully predates the effective date of the punitive-damages provision found in former article 2315.3 of the Louisiana Civil Code.  Accordingly, the Court finds that plaintiff may not recover punitive damages from USF&G under this provision.

     Plaintiff has not opposed USF&G's motion, and therefore has not pointed to evidence creating an issue of material fact regarding USF&G's liability for punitive damages.  Because USF&G has shown that there is no issue of material fact and that it is entitled to judgment as a matter of law, the Court grants its motion for partial summary judgment, and dismisses plaintiff's claims for punitive damages against it.  *See* Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 322-23; *Little*, 37 F.3d at 1075.

---

[11]    R. Doc. 414-4 at 2 ¶ 5.

## III. CONCLUSION

For the foregoing reasons, USF&G's motion for partial summary[12] judgment is GRANTED. Plaintiff's claims for punitive damages against USF&G are hereby DISMISSED.

New Orleans, Louisiana, this __11th__ day of May, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12] R. Doc. 414.