UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ                                          CIVIL ACTION

VERSUS                                                   NO. 20-2389

LAMORAK INSURANCE COMPANY,                    SECTION "R" (1)
ET AL.

## ORDER AND REASONS

On May 2, 2022, plaintiff Callen Cortez, and defendants BayerCropScience, Inc. and Union Carbide Corporation filed a motion[1] for clarification or, in the alternative, reconsideration, of the Court's April 4, 2022 Order and Reasons granting in part and denying in part Huntington Ingalls, Inc.'s ("Avondale") motion for summary judgment.[2]  They seek a clarification and/or ruling that the Longshore and Harbor Workers' Compensation Act ("LHWCA") does not preempt plaintiff's claims against Avondale arising out of his brother Mitchell Cortez's employment with Avondale.  Defendants Foster Wheeler, LLC, General Electric Company, and ViacomCBS, Inc. joined in the motion.[3]

---

[1]     R. Doc. 1002.
[2]     R. Doc. 886.
[3]     R. Doc. 1006.

This motion was untimely filed, in violation of the Court's April 27, 2022 order, which indicated that all expired deadlines remain expired, and that "pleadings, discovery, and *all motion practice remain closed*."[4]  The Court reiterated at the May 12, 2022 status conference that no further motions may be filed.  The Court will not entertain motions filed in violation of its orders.

To the extent there was any confusion about the meaning of the Court's order closing motion practice before today's status conference, the Court rules as follows.

The Court's April 4, 2022 order on Avondale's motion for summary judgment does not require clarification.  The Court clearly stated that it "DISMISSES all of plaintiff's claims against Avondale, except his take-home-exposure claims brought against Avondale in its capacity as Daniel Cortez's employer."[5]  To the extent movants seek reconsideration of this holding to preserve claims arising from Mitchell Cortez's employment with Avondale, the motion is denied. There is no error in the Court's dismissal of those claims.  *See* Order & Reasons at 15, *Sentilles v. Huntington Ingalls, Inc.*, No. 21-958 (E.D. La. Apr. 22, 2022) (Ashe, J.).

---

[4]    R. Doc. 995 at 5 (emphasis added).

[5]    R. Doc. 886 at 35.

2

The motion for clarification and/or reconsideration[6] is DENIED.  Any motion hereafter filed in violation of the Court's order closing motion practice will be denied as untimely.

New Orleans, Louisiana, this __12th__ day of May, 2022.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6]     R. Doc. 1002.