UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court are three motions seeking dismissal of the third-party claims of Albert L. Bossier, Jr.  Specifically, on February 25, 2022, third-party defendant Trinity Industries, Inc. ("Trinity") filed a motion for summary judgment, seeking dismissal of Bossier's third-party claims, on the grounds of preemption under the Longshore and Harbor Workers' Compensation Act.[1]  Plaintiff Callen Cortez opposes the motion.[2]

On April 12, 2022, third-party defendant Continental Insurance Company ("Continental"), as the alleged insurer of Halter Marine Services, Inc. ("Halter Marine") and certain of its executive officers, filed a motion to dismiss Bossier's third-party claims under Rule 25(a)(1) of the Federal Rules of Civil Procedure.[3]  No party opposes this motion.

---

[1]   R. Doc. 430.
[2]   R. Doc. 677.
[3]   R. Doc. 905.

On April 27, 2022, defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Travelers Insurance Company ("Travelers"), as the alleged insurers of B&B Engineering and Supply Company, Inc. ("B&B Engineering"), filed a motion to dismiss Bossier's third-party claims under Rule 25(a)(1) of the Federal Rules of Civil Procedure.[4] No party opposes this motion.

Because third-party claimant Albert L. Bossier, Jr. has died, and because more than ninety days have passed since service of his notice of his death, with no substitution of a successor or representative, the Court grants all three motions, and dismisses Bossier's third-party claims.

## I.  DISCUSSION

This is an asbestos exposure case. Plaintiff Callen Cortez alleges that he contracted mesothelioma as a result of exposure to asbestos during his employment with various companies.[5] Plaintiff was diagnosed with mesothelioma on June 2, 2020.[6] On July 1, 2020, plaintiff filed suit in the Civil District Court for the Parish of Orleans against approximately thirty-five defendants, including former employers, manufacturers, premises

---

[4]  R. Doc. 991.
[5]  R. Doc. 1-1 (Complaint).
[6]  *Id.* at 10 (Complaint ¶ 17).

2

owners, and insurance companies.[7]  On August 31, 2020, the case was removed to federal court.[8]

On September 4, 2020, defendant Albert L. Bossier, Jr., sued by Cortez in his capacity as an officer of Huntington Ingalls, Inc. ("Avondale"), filed cross-claims against multiple codefendants, including Continental, as the alleged insurer of Halter Marine and certain executive officers, and Liberty Mutual and Travelers, as the alleged insurers of B&B Engineering.[9]  On December 28, 2020, Bossier filed a supplemental third-party complaint against Trinity, as the alleged successor of Halter Marine.[10]

Albert L. Bossier, Jr. died on November 14, 2021.[11]  On January 7, 2022, counsel for Bossier filed a suggestion of death into the record in this case.[12]  All counsel of record in this case were electronically served with this notice of death.  Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, "[i]f a party dies, . . . [a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1).  It further provides that, "[i]f a motion is not made within 90 days after service

---

[7]   *Id.* at 1-3 ¶¶ 1-2; *id.* at 45-48.
[8]   R. Doc. 1 (Notice of Removal).
[9]   R. Doc. 17 at 19-22 (Cross-Claims of Albert L. Bossier, Jr.).
[10]  R. Doc. 126 at 1 (Supplemental Third-Party Complaint of Albert L. Bossier, Jr.)
[11]  R. Doc. 361 (Suggestion of Death).
[12]  *Id.*

3

of a statement noting the death, the action by or against the decedent *must be dismissed.*" *Id.* (emphasis added).

More than ninety days have passed since service of Bossier's suggestion of death, and no motion for substitution has been made. Accordingly, pursuant to Rule 25(a)(1), the Court must dismiss Bossier's third-party claims. The three motions before the Court, which each seek dismissal of those claims, must therefore be granted.

## III. CONCLUSION

Accordingly, the Court GRANTS: (1) Trinity's motion for summary judgment on Bossier's third-party claims;[13] (2) Continental's motion to dismiss Bossier's third-party claims;[14] and (3) Liberty Mutual and Travelers's motion to dismiss Bossier's third-party claims.[15] These claims are hereby DISMISSED with PREJUDICE.

New Orleans, Louisiana, this __19th__ day of May, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]   R. Doc. 430.
[14]   R. Doc. 905.
[15]   R. Doc. 991.