UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiffs' motion *in limine* to exclude factual testimony by Danny Joyce that is not based on personal knowledge and to exclude any expert from testifying about or relying on Joyce's hearsay testimony.[1] Defendant Huntington Ingalls, Inc. ("Avondale") opposes the motion.[2] For the following reasons, the Court grants in part and denies in part plaintiffs' motion.

I.  **BACKGROUND**

This is an asbestos exposure case. Plaintiffs allege that Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course of his career,[3] as well as take-home exposure resulting from his father's[4] and

---

[1]  R. Doc. 510.
[2]  R. Doc. 723.
[3]  R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
[4]  *Id.* at 7-9 (Complaint ¶¶ 11-16).

brothers' work when the family shared a home.[5] Callen Cortez lived in his family home in Kraemer, Louisiana, starting from his birth in 1951, until he married and moved out in May of 1972.[6] Decedent's brother, Daniel Cortez, also lived in the home. Daniel began working at the Avondale Shipyards on August 29, 1967,[7] and lived with Callen Cortez until Daniel moved out in July of 1968.[8] Daniel testified that, during these first ten to eleven months at Avondale, he worked with asbestos cloth and other insulation materials, and that fibers released from cutting and tearing the cloth got onto his work clothes.[9] Additionally, Daniel testified that, after work each day, he would come home, hang up his clothes, and, with Callen Cortez's help, beat the fibers off his clothes.[10] Callen Cortez also worked at Avondale from March 6, 1969 until May 31, 1974, where he was allegedly exposed to asbestos.[11]

Plaintiffs sued Avondale in tort alleging that asbestos exposure at Avondale caused Cortez's mesothelioma and death.[12] On April 4, 2022, the

---

[5]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
[6]   R. Doc. 499-4 at 17-18 (Discovery Deposition of Callen Cortez at 100:11-101:8).
[7]   R. Doc. 499-6 at 13 (Deposition of Daniel Cortez at 12:3-13).
[8]   *Id.* at 12-13 (Deposition of Daniel Cortez at 11:21-12:2).
[9]   *Id.* at 37 (Deposition of Daniel Cortez at 36:6-13).
[10]  *Id.* at 18-19 (Deposition of Daniel Cortez at 17:16-18:17).
[11]  R. Doc. 499-4 at 26-27 (Discovery Deposition of Callen Cortez at 108:25-109:9).
[12]  R. Doc. 1-1 at 5-7 (Complaint ¶¶ 8-10).

Court Ordered all of Cortez's claims against Avondale dismissed, except the take-home-exposure claims arising from Avondale's capacity as Daniel Cortez's employer.[13]

Plaintiffs now move *in limine* to exclude factual testimony of Avondale witness, Danny Joyce, that is not based on personal knowledge and to exclude any expert from testifying about or relying on Joyce's hearsay testimony.[14] Avondale opposes the motion.[15]

The Court considers the parties' arguments below.

## II. DISCUSSION

Danny Joyce is an Avondale industrial hygienist and corporate witness, who gave deposition testimony about conversation he had with Walsh-Healey Act inspectors Chuck Freeman and Mike Padilla. Plaintiffs seek to exclude this testimony as hearsay. This testimony is clearly hearsay for which no exception applies. Plaintiffs' motion to exclude it is granted.

Plaintiffs also seek to preclude defendant's expert hygienist from relying on Joyce's hearsay accounts of conversations with the Walsh-Healey

---

[13]   R. Doc. 886.
[14]   R. Doc. 510.
[15]   R. Doc. 723.

3

inspectors. This issue is governed by Rule 703 of the Federal Rules of Evidence. Rule 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

Avondale contends that its expert hygienist, James Shea, is entitled to rely on Joyce's statements because Joyce worked as a hygienist at Avondale, and Joyce's statements are the type of information that experts in Shea's field would reasonably rely on in forming their opinions.[16] Hence, Avondale argues, under the clear terms of Rule 703, Joyce's statements need not be admissible in evidence for Shea's opinion relying on them to be admitted.[17] Avondale also notes that Joyce's statements are not the sole basis of Shea's opinion.[18] Plaintiffs do not discuss Rule 703 or otherwise deal with Avondale's argument.

---

[16] R. Doc. 723 at 3-4.
[17] *Id.*
[18] *Id.*

4

The Court finds that Shea's partial reliance on Joyce's statements does not render Shea's opinion inadmissible. This follows because expert hygienists could reasonably rely on information gathered by other hygienists working on-site in developing their opinions. *See* Fed. R. Evid. 703. But the Court holds that Avondale may not disclose Joyce's hearsay statements to the jury because they do not satisfy the requirements of Rule 703. Specifically, the probative value of the statements in helping the jury evaluate Shea's opinion does not substantially outweigh the prejudicial effect of the statements. Indeed, the 2010 Advisory Committee Notes to Rule 703 state that the Rule provides a presumption against allowing the proponent of an expert to disclose to the jury information used as a basis of the expert's option that is not admissible for any substantive purpose. Accordingly, plaintiffs' motion is denied to the extent that it seeks to prevent Avondale from relying on Joyce's testimony, but Avondale may not disclose Joyce's hearsay statements to the jury.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion is GRANTED to the extent that it seeks to exclude Joyce's hearsay statements, and DENIED to the extent that it seeks to prevent Avondale's expert from relying on Joyce's

hearsay statements, with the caveat that Avondale may not disclose Joyce's hearsay statements to the jury.

New Orleans, Louisiana, this __18th__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE