UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendants Foster Wheeler, LLC, ("Foster Wheeler"), General Electric Company ("GE"), and ViacomCBS, Inc.'s ("Westinghouse") motion *in limine* to exclude all duplicative and cumulative opinions by plaintiffs' experts, Dr. Rodney Landreneau and Dr. Stephen Terry Kraus.[1] Plaintiffs oppose the motion.[2] For the following reasons, defendants' motion *in limine* is denied.

I.   **BACKGROUND**

This is an asbestos exposure case. Plaintiffs allege that Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course of his career,[3] as well as take-home exposure resulting from his father's[4] and

---

[1] R. Doc. 438.
[2] R. Doc. 697.
[3] R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
[4] *Id.* at 7-9 (Complaint ¶¶ 11-16).

brothers' work when the family shared a home.[5] In support of this assertion, plaintiffs seek to introduce Dr. Landreneau and Dr. Kraus as medical causation experts at trial.[6] Defendants allege that these two experts will present cumulative testimony that should be excluded pursuant to Federal Rule of Evidence 403.[7] In response, plaintiffs contend that Drs. Kraus and Landreneau offer expert testimony from different specialties, even though they reach a common conclusion.[8] The Court considers the parties' arguments below.

## II. DISCUSSION

Under Federal Rule of Evidence 403, the Court may exclude relevant evidence when its probative value is substantially outweighed by the danger of "needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 410 (5th Cir. 1989) (affirming the district court's ruling at trial to exclude the testimony by a second expert doctor as cumulative).

---

[5]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
[6]   R. Doc. 697 at 1-2.
[7]   R. Doc. 438-1 at 1.
[8]   R. Doc. 697 at 3.

The Court denies defendants' motion *in limine* as premature. *See In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex. on Apr. 20, 2010*, No. MDL 2179, 2012 WL 395048, at *3 (E.D. La. Feb. 7, 2017) (denying BP's motion *in limine* under Rule 403 as "premature" because "any ruling regarding concerns of cumulative evidence . . . should not be made before trial based only on the consideration of evidence that BP *anticipates* will be introduced"); *Marquette Transportation Co. Gulf-Inland, LLC v. Navigation Mar. Bulgarea*, No. 19-10927, 2022 WL 158681, at *5 (E.D. La. Jan. 18, 2022) (denying defendant's motion *in limine* because defendant's "concerns about the allegedly cumulative nature of Marquette's expert testimony can be addressed at trial"). At trial, defendants may object to specific testimony from these witnesses under Rule 403.

## III. CONCLUSION

For the foregoing reasons, defendants' motion is DENIED.

New Orleans, Louisiana, this __20th__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3