UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ, ET AL. — CIVIL ACTION

VERSUS — NO. 20-2389

LAMORAK INSURANCE COMPANY, ET AL. — SECTION "R" (1)

# ORDER AND REASONS

Before the Court is a motion *in limine* to limit the testimony of Gerard L. Baril filed by Eagle, Inc. ("Eagle") and Louisiana Insurance Guaranty Association ("LIGA"), as alleged statutory obligor for policies issued to Eagle and the McCarty Corporation ("McCarty").[1] Plaintiffs oppose the motion.[2] For the following reasons, defendants' motion is granted in part.

## I. BACKGROUND

This is an asbestos exposure case. Plaintiffs allege that Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course

[1] R. Doc. 447.
[2] R. Doc. 662.

of his career,[3] as well as take-home exposure resulting from his father's[4] and brothers' work when the family shared a home.[5]

Callen Cortez was diagnosed with mesothelioma on June 2, 2020.[6] On July 1, 2020, he filed suit in the Civil District Court for the Parish of Orleans against Avondale and approximately thirty-four other defendants, including former employers, manufacturers, and insurance companies.[7] In his complaint, plaintiff brought various products liability, negligence, and intentional tort claims.[8] As it pertains to the present motion, plaintiff alleges that Eagle and McCarty, among others, were former suppliers and distributors of asbestos-containing products.[9] Plaintiff specifically alleges that Eagle and McCarty "would package [asbestos-containing] products from other distributors and manufacturers . . . in their own boxes and packaging,

3 R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
4 *Id.* at 7-9 (Complaint ¶¶ 11-16).
5 R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
6 R. Doc. 1-1 at 10 (Complaint ¶ 17).
7 *Id.* at 1-3 (Complaint ¶¶ 1-2); *id.* at 45-48.
8 R. Doc. 1-1.
9 R. Doc. 447-2 at 2; *see also* R. Doc. 1-1 at 24-25 (Complaint ¶ 53).

and hold out the products as their own, thus making them liable as the manufacturer under Louisiana law."[10]

On August 31, 2020, the case was removed to federal court.[11] Callen Cortez passed away on May 26, 2022.[12] Cortez's surviving spouse and children subsequently filed an amended complaint on June 6, 2022,[13] substituting themselves as plaintiffs in a survival action and seeking additional damages arising from Cortez's wrongful death.[14]

Defendants now move to limit the testimony of plaintiffs' expert industrial hygienist, Gerard L. Baril.[15] Specifically, defendants ask the Court to prevent Mr. Baril from testifying or making a legal determination as to the definition of a manufacturer under Louisiana law.[16] Plaintiffs oppose the motion, asserting that Mr. Baril does not opine on the definition of a manufacturer under Louisiana law.[17] The Court considers the parties' arguments below.

---

10 *Id.*
11 R. Doc. 1 (Notice of Removal).
12 R. Doc. 1026 at 2 (Fourth Amended Complaint ¶ 111).
13 *Id.*
14 *Id.* at 2-3 (Fourth Amended Complaint ¶¶ 111-114).
15 R. Doc. 447.
16 *Id.* at 1.
17 R. Doc. 662 at 1.

## II. DISCUSSION

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). Rule 702, which governs the admissibility of expert witness testimony, provides that an expert witness "qualified . . . by knowledge, skill, experience, training, or education may testify" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. But experts may not provide "legal conclusions or . . . simply tell the jury what result to reach." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012) (per curiam). Similarly, a court "should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Hayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Here, defendants seek to prevent plaintiffs' expert industrial hygienist, Mr. Baril, from testifying or making a legal determination as to the definition of a manufacturer under Louisiana law.[18] Based on testimony that Mr. Baril has given in other asbestos cases, defendants anticipate that plaintiffs will offer testimony from Mr. Baril that a supplier that places its name on a box with asbestos-containing products is considered a manufacturer.[19] Defendants note that Mr. Baril has previously given the following testimony:

> **A.** Every manufacturer, supplier, distributor, equipment manufacturer, if they had materials, products which had asbestos as a component, asbestos probably would be released as a result of activities being performed, then yes, they needed to provide a hazard warning.
>
> **Q.** And did you see testimony, for example, Mr. Comardelle, he identified several of these suppliers to Avondale. For example, Eagle, McCarty, . . .
>
> **A.** That's right.
>
> **Q.** Did you see where Mr. Comardelle indicated that these suppliers would put their names on the boxes of the insulation?
>
> **A.** Yes, he stated that.
>
> . . .
>
> **Q.** And as an industrial hygienist, what does that indicate to you when a supplier is placing its name on a box?

18 R. Doc. 447 at 1.
19 R. Doc. 447-2 at 5.

**A.** It means if a supplier, distributor puts their name on the box, the ownership of that product is theirs. That makes the warning information—hazard warning their responsibility.

**Q.** So essentially they're holding out to the public that they're an actual manufacturer of the product, correct?

**A.** Right. That's correct.[20]

Defendants now move to prevent Mr. Baril from giving similar testimony at this trial, asserting that Mr. Baril fails to meet the *Daubert* criteria to qualify as an expert about the definition of a manufacturer under Louisiana law.[21] In response, plaintiffs assert that defendants are seeking to exclude an opinion that Mr. Baril has not offered here, noting that defendants have not cited to any statement in Mr. Baril's report or deposition in this case, and instead rely on Mr. Baril's deposition from a previous asbestos case.[22] Additionally, plaintiffs assert that even if Mr. Baril were to offer the testimony cited by defendants in the present case, it would be admissible under Rule 702 because Mr. Baril's testimony does not purport to opine on Eagle's or McCarty's legal status as manufacturers under Louisiana law.[23] Instead, plaintiffs represent that Mr. Baril opines that when

---

20 R. Doc. 447-4 at 229:22-230:24 (Deposition testimony of Gerard L. Baril, *Tregre v. Penn. Gen. Ins. Co.*, No. 15-4474 (Civ. Dist. Ct. for the Par. of Orleans, Feb. 4, 2016)).

21 R. Doc. 447-2 at 4.

22 R. Doc. 662 at 1.

23 *Id.* at 3.

a company places its name on a box of insulation, it is "holding the product out as its own," and that, as an industrial hygiene professional, Mr. Baril "looks to that company to obtain information regarding the hazards of the product."[24]

Plaintiffs seek to hold Eagle and McCarty liable as professional vendors. Under Louisiana law, a supplier of a product can be held strictly liable as a manufacturer if the plaintiff proves that the seller qualifies as a "professional vendor." *Dempster v. Lamorak Ins. Co.*, No. 20-95, 2020 WL 5659546, at *3 (E.D. La. Sept. 21, 2020) (citing *Hoerner v. ANCO Ins., Inc.*, 812 So. 2d 45, 59 (La. App. 4 Cir. 2002)). "To prevail against a professional vendor of asbestos-containing products, a plaintiff must show: (1) the defendant held the products out to the public as its own, and (2) the size, volume, and merchandising practices of the defendant bring it within the class of professional vendors, who are presumed to know the defects in their wares." *Id.* (citing *Hoerner*, 812 So. 2d at 60).

The Court finds Mr. Baril qualified to offer testimony that as an industrial hygienist, he would look to the company whose name is on the product for information regarding the hazardous nature of the product. But Mr. Baril may not testify that a supplier or distributor that places its name

---

24 *Id.*

on a box containing insulation should be considered a manufacturer of that product because they are holding the product out to the public as their own. The determination of whether suppliers, such as Eagle and McCarty, are "professional vendors," which includes the question of whether Eagle and McCarty held out the products as their own to the public, are legal questions, and are not a proper subject for the testimony of an expert industrial hygienist. Accordingly, the Court grants defendants' motion to the extent it seeks to prohibit Mr. Baril from testifying that a supplier that places its name on a box of insulation should be considered the manufacturer of that insulation.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to limit Mr. Baril's testimony is GRANTED to the extent that Mr. Baril is precluded from testifying that a supplier that places its name on a box containing insulation should legally be considered the manufacturer of that insulation.

To the extent defendants seek to limit Mr. Baril's testimony beyond this, the motion is DENIED.

New Orleans, Louisiana, this 20th day of July, 2022.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE