UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Defendant Goodrich Corporation ("Goodrich") moves for summary judgment on Callen Cortez's claim for loss of consortium.[1] Plaintiffs contend that Callen Cortez did not assert a claim for loss of consortium, but a separate claim for loss of personal services that he would have been able to perform himself if he had not been injured. Goodrich is correct that Callen Cortez may not assert a loss of consortium claim. *See* La. Civ. Code art. 2315(B) ("Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person."); *see also Ferrell v. Fireman's Fund Ins. Co.*, 696 So. 2d 569, 574 (La. 1997) (holding that "loss of consortium is not an injury to the person who bore the direct impact of the

---

[1]   R. Doc. 459. The motion is joined by United States Fidelity and Guaranty Company, CF Industries Nitrogen, LLC, BASF Corporation, and Anco Insulations, Inc. *See* R. Docs. 467, 488, 543 & 591.

defendant's negligence" (quoting *Berger v. Weber*, N.W.2d 424, 435 (Mich. 1981))); *Brock v. Singleton*, 65 So. 3d 649, 657 (La. App. 5 Cir. 2011), *writ denied*, 69 So. 3d 1160 (La. 2011) (loss of consortium "is due to *family members of the injured party*, not to the injured party").

But Louisiana law permits an injured plaintiff to recover for loss of household services as an element of damages. *Bass v. State*, 167 So. 3d 711, 721 (La. App. 1 Cir. 2014); *Davis v. Foremost Dairies,* 58 So. 3d 977, 994, (La. App. 2 Cir. 2011), *writ denied*, 62 So. 3d 97 (La. 2011) (affirming in part jury award of damages for loss of household services). "[T]he gratuitous nature of household services does not preclude the injured person from recovering the value of such services." *Bass*, 167 So. 3d at 721; *see also Mims v. Reliance Ins. Co.*, 535 So. 2d 1085, 1090 (La. App. 2 Cir. 1988) ("[W]e do not find an employment relationship necessary for recovery of the value of the housekeeping services rendered to plaintiff in this case."). Recovery is allowed for household services the injured plaintiff can no longer perform himself because of his injury. Defendant's motion, which seeks to foreclose these damages as a matter of law, is legally wrong.

Further, plaintiffs presented evidence that Callen Cortez was no longer able to do yard work,[2] wash cars,[3] or drive because of his mesothelioma.[4] Plaintiffs have also pointed to evidence that their economic expert, Shael N. Wolfson, Ph.D., calculated a value for Callen Cortez's loss of personal services.[5] Plaintiffs have created an issue of material fact as to Callen Cortez's entitlement to damages for loss of personal household services.

For all of these reasons, Goodrich's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __27th__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2] R. Doc. 659-4 at 2 (Discovery Deposition of Callen Cortez at 698:9-19).
[3] R. Doc. 659-5 at 3 (Deposition of Mona Cortez at 15:1-18).
[4] R. Doc. 659-4 at 2-3 (Discovery Deposition of Callen Cortez at 698:20-699:2).
[5] R. Doc. 659-8 at 9 (Expert Report of Shael N. Wolfson, Ph.D.).