UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ, ET AL.                          CIVIL ACTION

VERSUS                                                      NO. 20-2389

LAMORAK INSURANCE COMPANY,              SECTION "R" (1)
ET AL.

## ORDER AND REASONS

Before the Court is third-party defendant Liberty Mutual Insurance
Company's ("Liberty Mutual") motion for partial summary judgment, as
alleged insurer of Wayne Manufacturing Corp. ("Wayne"), seeking summary
judgement on the issue of whether Wayne was a professional vendor of
asbestos-containing products.[1]  Third-party plaintiff, Huntington Ingalls,
Inc. ("Avondale"), does not oppose the motion.  Plaintiffs, who are not
adverse to Liberty Mutual as to the third-party claim at issue, oppose the
motion.[2]  For the following reasons, the Court grants Liberty Mutual's
motion.

---

[1]      R. Doc. 493.
[2]      R. Doc. 669.

## I.   BACKGROUND

This is an asbestos exposure case.  Plaintiffs allege that Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course of his career,[3] as well as take-home exposure resulting from his father's[4] and brothers' work when the family shared a home.[5]

Hopeman is a Delaware corporation[6] that performed joiner work at Avondale Shipyards during the period in which Callen Cortez and his brother, Daniel Cortez, worked at Avondale.[7]   Wayne, a now-dissolved Virginia corporation,[8] was a wholly-owned subsidiary of Hopeman during the relevant period.[9]   As a service to Hopeman, Wayne regularly glued Micarta laminate manufactured by Westinghouse to Marinite boards

---

[3]   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
[4]   *Id*. at 7-9 (Complaint ¶¶ 11-16).
[5]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
[6]   R. Doc. 498-14 at 1 (Hopeman Articles of Incorporation).
[7]   R. Doc. 498-1 at 2 (Hopeman's Statement of Uncontested Material Facts ¶ 5).
[8]   R. Doc. 498-15 (Wayne Articles of Incorporation).
[9]   R. Doc. 498-1 at 2 (Hopeman's Statement of Uncontested Material Facts ¶ 17).

manufactured by Johns-Manville, and sent the resulting composite wallboards to Hopeman at Avondale for use on vessels.[10]

Callen Cortez lived in his family home in Kraemer, Louisiana, starting from his birth in 1951 until he married and moved out in May of 1972.[11] Daniel Cortez also lived in the home.  Daniel began working at the Avondale Shipyards on August 29, 1967,[12] and lived with Callen Cortez until Daniel moved out in July of 1968.[13]  Daniel testified that he was exposed to asbestos at Avondale, when he worked around Hopeman employees while they were cutting asbestos-containing wallboards.[14]  He further testified that fibers released from the wallboards likely got onto his work clothes.[15]  He also testified that, after work each day, he came home, put up his clothes, and, with Callen Cortez's help, beat the fibers off his clothes.[16]

From March 6, 1969 until May 31, 1974, Callen Cortez worked for Avondale as a welder and tacker helper, primarily at Avondale's Westwego

---

[10]    R. Doc. 498-1 at 3 (Hopeman's Statement of Uncontested Material Facts ¶ 10).

[11]    R. Doc. 499-4 at 17-18 (Discovery Deposition of Callen Cortez at 100:11- 101:8).

[12]    R. Doc. 499-6 at 13 (Deposition of Daniel Cortez at 12:3-13).

[13]    *Id*. at 12-13 (Deposition of Daniel Cortez at 11:21-12:2).

[14]    *Id*. at 58-63 (Deposition of Daniel Cortez at 57:23-62:18).

[15]    *Id*. at 37 (Deposition of Daniel Cortez at 36:6-13).

[16]    *Id*. at 18-19 (Deposition of Daniel Cortez at 17:16-18:17).

Yard.[17]  Cortez testified that when he worked at Avondale, he was exposed to asbestos dust generated by Hopeman employees while they were cutting wallboards in his vicinity.[18]

Cortez was diagnosed with mesothelioma on June 2, 2020.[19]  On July 1, 2020, he sued Hopeman and approximately thirty-four other defendants, including former employers, manufacturers, and insurance companies.[20]  In his petition, plaintiff brought various negligence, products liability, and intentional tort claims against defendants.[21]  He additionally asserted that Wayne was the alter ego of Hopeman during the relevant period.[22]

Callen Cortez passed away on May 26, 2022.[23]  Cortez's surviving spouse and children filed an amended complaint on June 6, 2022,[24]

---

[17]   *Id.* at 26-27 (Discovery Deposition of Callen Cortez at 108:25-109:9).
[18]   *Id.* at 44-45 (Discovery Deposition of Callen Cortez at 43:18-44:8).
[19]   R. Doc. 1-1 at 10 (Complaint ¶ 17).
[20]   *Id.* at 1-3, 11-13 (Complaint ¶¶ 1-2, 25-29).
[21]   R. Doc. 1-1.
[22]   *Id.* at 43 (Complaint ¶ 90).
[23]   R. Doc. 1026 at 2 (Fourth Amended Complaint ¶ 111).
[24]   *Id.*

substituting themselves as plaintiffs in a survival action and seeking additional damages arising from Cortez's alleged wrongful death.[25]

Liberty Mutual is sued by Avondale in its capacity as alleged insurer of Wayne.[26]  Avondale alleges that Wayne was a manufacturer, seller, supplier, and/or professional vendor of asbestos-containing wallboards.[27]  Liberty Mutual now moves for partial summary judgment on the issue of whether Wayne was a professional vendor of asbestos-containing wallboards.[28]  The Court considers the motion below.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or

---

[25]    *Id*. at 2-3 (Fourth Amended Complaint ¶¶ 111-114).
[26]    R. Doc. 1-10 at 20-21 (Avondale's Cross-Claims and Third-Party Demands ¶¶ 9-12, 18-20).
[27]    *Id*.
[28]    R. Doc. 493.

weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to

summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III.   DISCUSSION

### A.   Whether the Court Should Consider Plaintiff's Opposition

As an initial matter, Liberty Mutual contends that because plaintiffs are not adverse to Liberty Mutual with respect to this claim, and the adverse party does not oppose the motion, the Court should consider the motion for summary judgment as unopposed.[29]

Rule 56 provides "that a party seeking to recover upon a claim, counterclaim or cross-claim or a party against whom a claim, counterclaim or cross-claim is asserted may seek or oppose a motion for summary

---

[29]   R. Doc. 851 at 2.

8

judgment." *Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11-00696, 2012 WL 1057599, at *4 (E.D. La. Mar. 28, 2012) (internal quotation marks omitted) (citing Fed. R. Civ. P. 56(a)-(b)).  In interpreting Rule 56, other Sections of this Court have held "that 'co-defendants do not have standing to oppose a defendant's motion for summary judgment when the motion is unopposed by the plaintiff.'"  *Id.* (quoting *Thurman v. Wood Group Prod. Services, Inc.*, No. 09–4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010)).  Many courts that have considered the question have reached the conclusion that co-defendants lack standing to oppose a motion for summary judgment filed by the named defendant when "none of the defendants . . . have filed claims against each other."  *Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 263 n. 4 (D.R.I. 2005); *Hawes v. Blast–Tek, Inc.*, No. 09–365, 2010 WL 2680778 (D. Minn. July 2, 2010); *Eckert v. City of Sacramento*, No. 07–0825, 2009 WL 3211278 (E.D. Cal. Sept. 30, 2009); *Blonder v. Casco Inn Residential Care, Inc.*, No. Civ. 99–274, 2000 WL 761895 (D. Me. May 4, 2000).  A similar result is warranted here because third-party plaintiff Avondale has not opposed the motion for summary judgment, and plaintiffs have not even asserted claims against the movant.  Indeed, in opposing summary judgment, it is the non-moving claimant who bears the burden of pointing to evidence creating a material fact issue once the moving party has asserted that there is no

material factual dispute and that it is entitled to judgment as a matter of law. *Little*, 37 F.3d at 1075.  Further, considerations of judicial economy support the Court's conclusion.  The Court sees no reason not to dispose of this issue as unopposed when plaintiffs could have asserted any claims they may have had against Wayne, yet did not.  Plaintiffs lack standing to oppose this summary judgment motion.[30]   Accordingly, the motion for summary judgment is unopposed for the purposes of Rule 56.

### B.    Professional Vendor Liability

Liberty Mutual moves for partial summary judgment on the issue of whether Wayne was a professional vendor of asbestos-containing wallboards.[31]  Avondale does not oppose Liberty Mutual's motion.

Under Louisiana law, a "professional vendor" is held to the same standard of liability as a manufacturer.  *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926, 930 (La. 1978).  In order to be held liable as a professional vendor, a seller must: (1) hold a "product out to the public as its own" and (2)

---

[30]    The Court notes that even if it considered plaintiffs' proposed opposition, it would grant summary judgment, because the opposition in essence rehashes plaintiffs' single business enterprise arguments. The Court rejected those arguments in its August 10, 2022 Order and Reasons.  *See* R. Doc. 1142.

[31]    R. Doc. 493.

operate with the requisite "size, volume, and merchandising practices," such that the firm is presumed to know the defects of its wares. *Id.* Hence, "a professional vendor is a retailer who does more than simply sell a certain product or products; it must engage in practices whereby it is capable of controlling the quality of the product, such that the courts are justified in treating the retailer like a manufacturer." *Nelton v. Astro-Lounger Mfg. Co.*, 542 So. 2d 128, 132 (La. App. 1 Cir. 1989). Because of the scale and merchandising requirements necessary for a finding that a firm is a professional vendor, a seller does not become a professional vendor just because it sells a product. *Id.* ("[W]e reject plaintiff's contention that Fraenkel is a professional vendor simply because it is in the business of selling sofa beds.").

Avondale does not point to any evidence creating a material fact question on the professional vendor issue. Even if Wayne regularly assembled the composite wallboards at issue, there is no evidence that it held the product out as its own. There is no evidence of re-packaging by Wayne or of advertising or merchandising practices suggesting that Wayne held out the wallboards as its own. The absence of this type of evidence is significant. *See Hoerner v. ANCO Insulations, Inc.*, 812 So. 2d 45, 60-61 (La. App. 4 Cir. 2002), *writ denied*, 819 So. 2d 1023 (La. 2002) (relying

significantly upon evidence that the suppliers re-packaged the asbestos insulation in boxes containing the suppliers' respective names to support a finding that defendants were professional vendors). On the contrary, it was Hopeman that contracted to perform joiner work at Avondale; it was Hopeman that supplied the wallboards to Avondale; and there is no evidence that anyone at Avondale identified the wallboards with Wayne.

Furthermore, Avondale has not pointed to evidence supporting sales by Wayne on the scale necessary to be deemed a professional vendor. Accordingly, the Court grants summary judgment on the issue of whether Wayne was a professional vendor of asbestos. [32]

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Liberty Mutual's motion for partial summary judgment.

New Orleans, Louisiana, this __16th__ day of August, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[32]  The Court's decision today does not address other theories of liability alleged in Avondale's complaint.

12