UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ, ET AL.                                CIVIL ACTION

VERSUS                                                        NO. 20-2389

LAMORAK INSURANCE COMPANY,                    SECTION "R" (1)
ET AL.

## ORDER AND REASONS

Before the Court is defendant Riley Power, Inc.'s ("Riley") motion to strike plaintiffs' summary-judgment evidence[1] as well as its motion for summary judgment on the grounds that La. Rev. Stat. § 9:2772 bars plaintiffs' claims, and that Callen Cortez's exposure to Riley's boilers was not sufficient to cause mesothelioma.[2]  Plaintiffs and Huntington Ingalls, Inc. ("Avondale") oppose the summary judgment motion.[3]  For the following reasons, the Court denies both motions.

## I.    BACKGROUND

This is an asbestos exposure case.  Plaintiffs allege that Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course

---

[1]    R. Doc. 862.
[2]    R. Doc. 469.
[3]    R. Docs. 679 & 638.

of his career,[4] as well as take-home exposure resulting from his father's[5] and brothers' work when the family shared a home.[6]

In the early-1980s, Callen Cortez worked at Triad Nitrogen LLC ("Triad") in Donaldsonville, Louisiana, as a maintenance man for about three years.[7] Cortez testified that when he worked at Triad, he performed work on a boiler manufactured by Riley.[8] According to Cortez, his work included removing insulation from piping on the equipment and replacing asbestos gaskets affixed to Riley's boilers.[9] Cortez testified that this work generated asbestos dust, which Cortez inhaled.[10] He further testified that he was not provided with respiratory protection or any warnings of asbestos hazard.[11]

Cortez was diagnosed with mesothelioma on June 2, 2020.[12] On July 1, 2020, he sued Riley and approximately thirty-four other defendants, including former employers, manufacturers, and insurance companies.[13] In

---

[4]    R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).

[5]    *Id.* at 7-9 (Complaint ¶¶ 11-16).

[6]    R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

[7]    R. Doc. 469-10 at 29-30 (Discovery Deposition of Callen Cortez at 199:12-201:23).

[8]    *Id.* at 59 (Discovery Deposition of Callen Cortez at 318:24-319:10).

[9]    *Id.* at 30 (Discovery Deposition of Callen Cortez at 201:5-23).

[10]   *Id.*

[11]   *Id.*

[12]   R. Doc. 1-1 at 10 (Complaint ¶ 17).

[13]   *Id.* at 1-3, 11-13 (Complaint ¶¶ 1-2, 25-29).

his petition, plaintiff brought various negligence, products liability, and intentional tort claims against defendants.[14]

Callen Cortez passed away on May 26, 2022.[15]  Cortez's surviving spouse and children filed an amended complaint on June 6, 2022,[16] substituting themselves as plaintiffs in a survival action and seeking additional damages arising from Cortez's alleged wrongful death.[17]

Plaintiffs sue Riley in its capacity as a manufacturer of asbestos-containing boilers.[18]  Riley now moves for summary judgment on all of plaintiffs' claims.[19]  Riley asserts that La. Rev. Stat. § 9:2772 bars plaintiffs' claims, and that Callen Cortez's exposure to Riley boilers was not sufficient to cause mesothelioma.[20]  Plaintiffs and Avondale oppose the motion.[21]  Riley also moves to strike summary-judgment evidence that plaintiffs and Avondale rely on in their respective oppositions.  The Court considers the motions below.

---

[14]   R. Doc. 1-1.
[15]   R. Doc. 1026 at 2 (Fourth Amended Complaint ¶ 111).
[16]   *Id.*
[17]   *Id.* at 2-3 (Fourth Amended Complaint ¶¶ 111-114).
[18]   R. Doc. 1-1 at 11-12 (Complaint ¶ 25-29).
[19]   R. Doc. 469.
[20]   *Id.*
[21]   R. Docs. 666 & 691.

## II.   RILEY'S MOTION TO STRIKE

In Riley's reply brief, it moves to strike several exhibits utilized by plaintiffs and Avondale in their respective oppositions.  First Riley argues that the Court should strike the deposition transcript of Garlock's corporate representative, James Heffron, because Riley was not present at the deposition.[22]  Riley also contends that a deposition transcript of Triad's corporate representative, Richard Brantley, should be excluded as irrelevant because he did not have personal knowledge of whether the boilers at Triad were actually Riley's boilers.[23]  Lastly, Riley moves to strike the deposition testimony of plaintiffs' three experts—Gerard Baril, Dr. Stephen Kraus, and Dr. Rodney Landreneau—as self-serving opinions that do not create material fact issues.

In resolving Riley's motion for summary judgment, the Court does not rely on any of the summary-judgment evidence Riley objects to.  Accordingly, Riley's motion to strike is denied as moot.  *See Garris v. Pelonis Appliances, Inc.*, No. 10-1569, 2014 WL 1330063, at *5 (E.D. La. Apr. 3, 2014) (denying a motion to strike summary-judgment evidence as moot where to Court did not rely on the evidence at issue).

---

[22]   R. Doc. 862 at 2.
[23]   *Id.* at 2.

## II.   RILEY'S MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

resolution.  *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  (quoting *Celotex*, 477 U.S. at 322)).

### B.   Discussion

1.   *La. Rev. Stat. § 9:2772*

Riley moves for summary judgment on the grounds that La. Rev. Stat. § 9:2772 bars plaintiffs' claims, because the claims arise out of a defect in an immovable that Riley constructed.  § 9:2772 provides, in relevant part, that:

> (A) No action . . . arising out of an engagement of planning, construction, design, or building immovable or movable property . . . shall be brought against any person performing or furnishing land surveying services, as such term is defined in [La. Rev. Stat. 37:682], including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property. . . :
>
> (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
>
> (1)(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five

> years after the improvement has been thus occupied by the
> owner.

La. Rev. Stat. § 9:2772.

The statute of repose in effect at the time of Cortez's exposures to asbestos precluded actions "based on the allegedly defective design or construction of an immovable from being brought more than ten years after the completion of the work performed." *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992). But "[t]he burden of demonstrating the applicability of [§ 9:2772] falls on the defendant seeking to invoke its protections." *Moyer v. Siemens Vai Servs., LLC*, No. 11-3185, 2013 WL 3293668, at *13 (E.D. La. June 28, 2013) (citing *DeWoody v. Citgo Petroleum Corp.*, 604 So. 2d 92, 99 (La. App. 3 Cir. 1992)). Further, "Louisiana courts hold that this provision applies to construction contracts but not to sales contracts." *Summerfield v. Harnischfeger Indus., Inc.*, No. 97-3683, 1998 WL 726080, at *4 (E.D. La. Oct. 13, 1998). Accordingly, Riley "must show that it was a contractor [as opposed to a seller] for [§ 9:2772] to apply." *Id.* (citing *Jones v. Crane Co.*, 653 So. 2d 822 (La. App. 2 Cir. 1995)).

In determining whether a contract is a construction contract or a sales contract, Louisiana courts generally weigh the economics of the transaction to determine whether the primary obligation is one "to give" or "to do." *KSLA–TV, Inc. v. Radio Corp. of Am.*, 501 F. Supp. 891, 894 (W.D. La. 1980).

When the primary obligation is "to give," the agreement is a sales contract; when the primary obligation is "to do," the transaction is a construction contract. *Id.*

Here, Riley asserts—without citation to the record—that its "boilers were specifically designed and constructed for the Triad plant in Donaldsonville, La."[24]   Later in Riley's memorandum of law, it adds: "[a]s will be demonstrated, Riley supplied Triad planning, design, engineering, drawing, supervision, and construction services for the assembly of two (2) boilers, which was an improvement to the immovable property at the Triad facility at issue."[25]   But Riley never points to specific evidence in support of any of those contentions.   Nor does Riley explain how its lengthy and often barely-legible exhibits[26] support the assertions in its motion.

Riley's conclusory assertions notwithstanding, it is the party seeking summary judgment that bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.   *Celotex*, 477 U.S. at 323; *see also Fontenot v. Upjohn Co.*, 780

---

[24]   R. Doc. 469-1 at 1.

[25]   *Id.* at 7.

[26]   Riley attaches to its motion, but never cites to, over 1,000 pages of materials that are often illegible or barely legible.

F.2d 1190, 1194 (5th Cir.1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed., 2015) ("[The movant] must lay out the elements of its claim, citing the facts it believes satisfies those elements, and demonstrating why the record is so one-sided as to rule out the prospect of the nonmovant prevailing.  If the movant fails to make that initial showing, the court must deny the motion, even if the opposing party has not introduced contradictory evidence in response.").  Further, to sustain its burden on summary judgment, the "movant must support its assertion[s] by 'citing to particular parts or materials in the record.'" *Tatum v. S. Co. Servs., Inc.*, 392 F. Supp. 3d 689, 695 (E.D. Tex. 2018), *aff'd*, *Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)).[27]  "The citations to the summary judgment evidence should be specific." *Id.* (citing

---

[27]    The Court also gave similar instructions in its September 24, 2021 Scheduling Order.  *See* R. Doc. 280 at 5 ("[E]ach party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.").

*Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2722 (4th ed., 2015) (noting that "a party desiring to use a document must cite to the particular part of the document that supports its assertions").

It is not the Court's responsibility to sift through the record to locate evidence supporting Riley's assertions; nor must the Court decipher and attach meaning to the exhibits that Riley does not supply. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). *See also Loiacano v. DISA Glob. Sols., Inc.*, 659 F. App'x 772, 775 (5th Cir. 2016) (per curiam) (noting that that Courts do not have "a duty to sift through the record in search of evidence" at the summary-judgment stage (quoting *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010)); *Conerly v. Flores*, No. 15-04069, 2016 WL 6892718, at *5 (N.D. Cal. Nov. 23, 2016) ("the Court is not required to decipher and attach meaning to the exhibits that is not otherwise provided"). In light of the demands of Rule 56, Riley's conclusory assertions do not entitle it to summary judgment without reference to specific evidence supporting its claims. Because Riley has not established that it contracted to build boilers at Triad and not simply sell them, there are material fact issues

as to whether Riley is entitled to peremption under § 9:2772, and the Court denies summary judgment on this issue.

### 2. *Exposure Sufficiency*

Riley also moves for summary judgment on whether Cortez's exposure to Riley's boilers was a substantial factor in bringing about Cortez's illness. Riley asserts that because Cortez worked on and around Riley's boilers for a month-and-a-half at most, such exposure could not have been a legal cause of Cortez's mesothelioma.

In an asbestos exposure case, a Louisiana claimant must show that (1) "he had significant exposure to the product complained of," and that (2) the exposure to the product "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004).

But the Fifth Circuit has explained, "[e]ven if the plaintiff was only exposed to asbestos for a 'short period for an employer[,] and he had longer exposure working for others, it cannot be said the relatively short asbestos

exposure was not a substantial factor in causing his mesothelioma.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (quoting *Rando*, 16 So. 3d at 1091). To defeat an asbestos defendant's motion for summary judgment, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Id.* (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 4 Cir. 1996)).

Here, Cortez testified that he worked as a maintenance man at Triad in Donalsonville, Louisiana for several years in the mid-1980s.[28] Though he did not recall precisely who his employer was, Cortez testified that he was engaged to work at Triad through his union membership in Local 102.[29] During his engagement at Triad, Cortez worked on one of Riley's boilers for about a month-and-a-half.[30] The work involved replacing asbestos gaskets on the boilers, and Cortez testified that the process generated asbestos dust.[31] Cortez further testified that he inhaled the asbestos dust.[32] Lastly, Cortez

---

[28]   R. Doc. 469-10 at 29-30 (Discovery Deposition of Callen Cortez at 199:12-201:23).

[29]   *Id.* at 59 (Discovery Deposition of Callen Cortez at 318:24-319:10).

[30]   *Id.*

[31]   *Id.*

[32]   *Id.*

recalled that was not given any respiratory protective equipment or any warnings about the hazard that the asbestos posed.[33]

Plaintiffs' evidence is sufficient to create a material fact issue.  The "frequent and regular" requirement for asbestos exposure that Riley cites "refers to the quality of the exposure during the employment period, not to the length of that period." *Hoerner v. ANCO Insulations, Inc.*, 812 So. 2d 45, 64 (La. App. 4 Cir. 2002), *writ denied*, 819 So. 2d 1023 (La. 2002).  The "de minimis" argument that Riley puts forth is incorrect and has been rejected by this Court and Louisiana appellate courts.  *See, e.g.*, *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 2643867, at *7 (E.D. La. July 8, 2022) (noting that frequent and regular exposure refers to the quality of plaintiff's exposure and does not establish a minimum acceptable level of exposure); *Hoerner*, 812 So. 2d at 64 (likewise).  It is enough that plaintiffs point to evidence on which a reasonable jury could conclude that Cortez inhaled Riley's asbestos fibers, which plaintiffs have done here.  *See Williams*, 23 F.4th at 512.  Riley cites no Louisiana mesothelioma cases that reach the result it seeks here.  Further, the cases that Riley cites from other jurisdictions are neither persuasive nor binding in light of the relevant authorities contradicting Riley's positions.  Because Cortez testified that he

---

[33]     *Id.*

inhaled asbestos dust generated by his work for a month-and-a-half on Riley's boiler, there is a material fact issue on whether that exposure was a substantial factor giving rise to Cortez's mesothelioma.   Accordingly, summary judgment is denied.


## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES AS MOOT Riley's motion to strike.  The Court also DENIES Riley's motion for summary judgment.


New Orleans, Louisiana, this __9th__ day of September, 2022.


_____
        SARAH S. VANCE
UNITED STATES DISTRICT JUDGE