UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ, ET AL.                          CIVIL ACTION

VERSUS                                                      NO. 20-2389

LAMORAK INSURANCE COMPANY,              SECTION "R" (1)
ET AL.

**ORDER AND REASONS**

Before the Court is plaintiffs' motion *in limine* to exclude testimony by Dr. Samuel Forman on the grounds that Forman's testimony fails the "fit" test imposed on such testimony by *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993), and that the testimony is irrelevant to any issue in the case under Rules 403 and 702 of the Federal Rules of Evidence.[1]  Defendant ViacomCBS Inc. ("Westinghouse") opposes the motion.[2]  For the following reasons, the Court grants in part and denies in part plaintiffs' motion.

## I.   BACKGROUND

This is an asbestos exposure case.  Plaintiffs allege that decedent Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course

---

[1]      R. Doc. 632.
[2]      R. Doc. 733.

of his career,[3] as well as take-home exposure resulting from his brothers' work when the family shared a home.[4]   Callen Cortez lived in his family home in Kraemer, Louisiana, starting from his birth in 1951, until he married and moved out in May of 1972.[5]   Decedent's brother, Daniel Cortez, also lived in the home. Daniel began working at the Avondale Shipyards on August 29, 1967,[6] and remained living with Callen Cortez at their family home until Daniel married and moved out in July of 1968.[7]   Daniel testified that he worked with asbestos insulation, and that fibers released from the cloth got onto his work clothes.[8]   This work involved insulating Navy vessels which were equipped with Westinghouse turbines.[9]   He further testified that, after work each day, he came home, hung up his clothes, and, with Callen Cortez's help, beat the fibers off his clothes.[10]

---

[3]   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).

[4]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

[5]   R. Doc. 499-4 at 17-18 (Discovery Deposition of Callen Cortez at 100:11-101:8).

[6]   R. Doc. 499-6 at 13 (Deposition of Daniel Cortez at 12:3-13).

[7]   *Id.* at 12-13 (Deposition of Daniel Cortez at 11:21-12:2).

[8]   *Id.* at 37 (Deposition of Daniel Cortez at 36:6-13).

[9]   *Id.* at 32 (Deposition of Daniel Cortez at 31:5-16).

[10]   *Id.* at 18-19 (Deposition of Daniel Cortez at 17:16-18:17).

Additionally, Callen Cortez testified that he worked with asbestos-containing gaskets on Westinghouse's turbines at Avondale.[11]

Callen Cortez was diagnosed with mesothelioma on June 2, 2020.[12] On July 1, 2020, he filed suit in the Civil District Court for the Parish of Orleans against Westinghouse and approximately thirty-four other defendants, including former employers, manufacturers, and insurance companies.[13]   In their complaint, plaintiffs bring various products liability, negligence, and intentional tort claims.[14]

Relevant to the motion before the Court, plaintiffs seek to exclude Forman's testimony on the grounds that it lacks "fit" under *Daubert* as well as relevance under Rules 403 and 702 of the Federal Rules of Evidence.  Specifically, plaintiffs assert that Forman's testimony should be excluded because Forman did not discuss Daniel Cortez or Avondale in his report, and Callen Cortez did not work on Navy vessels or at a naval shipyard.  Westinghouse opposes the motion and contends that Forman's testimony goes to a potential government contractor

---

[11]   R. Doc. 499-4 at 63-64 (Discovery Deposition of Callen Cortez at 146:6-147:10).

[12]   R. Doc. 1-1 at 10 (Complaint ¶ 17).

[13]   *Id.* at 1-3 (Complaint ¶¶ 1-2); *id.* at 45-48.

[14]   R. Doc. 1-1.

defense and to Avondale's knowledge of asbestos hazards, which is relevant to Westinghouse's sophisticated-purchaser defense.[15]

The Court considers the parties' arguments below.

## II.   DISCUSSION

Plaintiffs rely on Daniel Cortez's exposure to asbestos-containing insulation used by Avondale on Westinghouse turbines when he worked on Navy ships at Avondale, contending that Callen Cortez experienced take-home exposure from this source when he lived with his brother in the family home.[16]  The parties dispute whether Forman's proposed expert testimony is relevant as to Westinghouse's duty to warn about the hazards of this exposure.[17]  The Court finds that this issue is now off the table, because the Court has granted summary judgment to Westinghouse on plaintiff's claims arising from exposure to asbestos-containing insulation used on its turbines.  *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 2643867, at *8 (E.D. La. July 8, 2022).  Since the Court will not allow testimony from plaintiffs on this issue, it likewise finds that the proffered expert testimony from Westinghouse on a nonissue will not be allowed.

---

[15]   R. Doc. 733.

[16]   R. Doc. 149 at 1-6 (Second Amended Complaint ¶¶ 94-101).

[17]   R. Docs. 632 & 733.

Plaintiffs also rely on Callen Cortez's exposure to asbestos from gaskets used in connection with Westinghouse turbines at Avondale.  The Court denied summary judgment to Westinghouse on this issue.  *Id.* at *7-8.  In this regard, Westinghouse contends that Forman's testimony about the knowledge of commercial and naval-contract shipyards about the hazards of asbestos, by virtue of their dealings with naval and U.S. Federal Maritime Commission safety requirements for shipyards, is relevant to whether Avondale was a sophisticated purchaser of asbestos products and thus was not owed a duty to warn from Westinghouse.  The Court finds that Westinghouse's proffered expert testimony is relevant and admissible for the forgoing purpose.

Plaintiffs' argument that Callen Cortez did not work on Navy ships does not alter this conclusion.  Forman's testimony goes to what Avondale would have known about the hazards of asbestos from working as a Navy shipbuilding contractor.  Forman, an occupational medicine specialist and former Navy officer, is qualified to testify on this issue based on his training and experience, and he relies on reliable sources for his opinion.  He was tasked by the Navy with reviewing naval knowledge and practices in industrial hygiene, including its awareness of and response to asbestos hazards.[18]

---

[18]    R. Doc. 632-4 at 4 (Forman Report ¶¶ 9-10).

The Court nevertheless limits Forman's testimony to naval and related governmental asbestos safety requirements for commercial or contract shipyards, including communications to shipyards about the hazards of asbestos or required protections or procedures for handling asbestos products before and during the period of Cortez's exposure.[19]  His opinions regarding the Navy's requirements for naval shipyards (unless specifically identified as applicable to contractors) and the Navy's expectations of equipment manufacturers are irrelevant to Avondale's knowledge.  Further, his opinions as to the applicability of non-maritime related federal laws like the Walsh-Healey Act are not linked to his specific area of expertise and are excluded.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion *in limine*.

The Court GRANTS plaintiffs' motion to the extent Forman's testimony addresses the nonissue of Westinghouse's duty to warn of the hazards of insulation used on Westinghouse turbines, general Navy requirements for naval shipyards and equipment manufacturers, unless specifically identified as applicable to

---

[19]   *Id.* at 14-15, 52, 56 (Forman Report ¶¶ 34, 35, 36, 133, 134, and 149).

contractors and commercial shipyards, and the applicability of general, non-maritime related federal laws such as the Walsh-Healey Act.

The Court DENIES plaintiffs' motion to the extent Forman's testimony goes to naval and related governmental asbestos safety requirements for commercial or contract shipyards, including communications to shipyards about the hazards of asbestos or required protections or procedures for handling asbestos products before and during the period of Cortez's exposure.


New Orleans, Louisiana, this __29th__ day of September, 2022.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE