UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is the motion of defendant Certain London Market Insurers for partial summary judgment as to plaintiffs' claims arising from alleged exposures at Avondale after January 21, 1970.[1] Plaintiffs oppose the motion.[2]

For the following reasons, the Court denies defendant's motion.

## I. BACKGROUND

This is an asbestos exposure case. Plaintiffs allege that decedent Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course of his career,[3] as well as take-home exposure resulting from his

---

[1]   R. Doc. 555.
[2]   R. Doc. 676.
[3]   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).

father's[4] and brothers' work when the family shared a home.[5] Callen Cortez lived in his family home in Kraemer, Louisiana, starting from his birth in 1951, until he married and moved out in May of 1972.[6] Decedent's brothers, Daniel Cortez and Mitchell Cortez, also lived in the home. Daniel began working at the Avondale Shipyards on August 29, 1967,[7] and remained living with Callen Cortez at their family home until Daniel married and moved out in July of 1968.[8] Daniel testified that at Avondale, he worked with asbestos insulation, and that fibers released from the cloth got onto his work clothes.[9] He further testified that, after he came home from work each day, he hung up his clothes, and, with Callen Cortez's help, beat the fibers off his clothes.[10] Mitchell Cortez also lived with decedent until Callen Cortez moved out of their family home in 1972.[11] He likewise testified that he worked at Avondale

---

[4]   *Id.* at 7-9 (Complaint ¶¶ 11-16).
[5]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
[6]   R. Doc. 499-4 at 17-18 (Discovery Deposition of Callen Cortez at 100:11- 101:8).
[7]   R. Doc. 499-6 at 13 (Deposition of Daniel Cortez at 12:3-13).
[8]   *Id.* at 12-13 (Deposition of Daniel Cortez at 11:21-12:2).
[9]   *Id.* at 37 (Deposition of Daniel Cortez at 36:6-13).
[10]  *Id.* at 18-19 (Deposition of Daniel Cortez at 17:16-18:17).
[11]  R. 648-9 at 2 (Deposition of Mitchell Cortez at 14:6-10).

as an insulator while he lived with decedent,[12] and he brought home asbestos dust on his clothing.[13]

On March 6, 1969, Callen Cortez began working for Avondale.[14] He worked as a welder and tacker helper, primarily at Avondale's Westwego Yard, until May 31, 1974.[15] Cortez testified that through his job at Avondale, he was exposed to asbestos-containing materials such as Garlock gaskets.[16] Callen Cortez was diagnosed with mesothelioma on June 2, 2020, and he passed away on May 26, 2022.[17]

Certain London Market Insurers is a defendant in the survival and wrongful death action brought by Callen Cortez's surviving spouse and children.[18] Defendant is sued as an insurer of Avondale for coverage under policies allegedly covering plaintiff's asbestos exposure. Defendant now seeks summary judgment, asserting that it has no liability under any excess policies issued to Avondale for Callen Cortez's exposures after January 21,

---

[12] *Id.* at 4 (Deposition of Mitchell Cortez at 16:6-12).
[13] *Id.* at 14 (Deposition of Mitchell Cortez at 46:14-25).
[14] R. Doc. 499-4 at 139 at 26-27 (Discovery Deposition of Callen Cortez at 108:25-109:9).
[15] *Id.*
[16] *Id.* at 63-64 (Discovery Deposition of Callen Cortez at 146:6-147:10).
[17] R. Doc. 1-1 at 10 (Complaint ¶ 17); ; R. Doc. 1026 at 2 (Fourth Amended Complaint ¶ 111).
[18] R. Doc. 301.

1970.[19] Plaintiffs contend that excess insurance policies that were issued by defendant to Avondale were in effect after January 21, 1970, so summary judgment should be denied.[20]

The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."

---

[19]   R. Doc. 555.
[20]   R. Doc. 676 at 1-2.

4

*Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at

325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

### III.  DISCUSSION

"Louisiana law gives an injured person the right to proceed directly against the tortfeasor's insurer." *Menard v. Gibson Applied Tech. & Eng'g, Inc.*, No. 16-498, 2017 WL 6610466, at *2 (E.D. La. Dec. 27, 2017). Plaintiffs do so pursuant to Louisiana's Direct Action Statute, La. Rev. Stat. § 22:1269 (previously § 22:655), which "permits persons sustaining damages in accidents occurring in Louisiana to bring direct actions against insurers of the individual alleged to have caused the accident." *SCF Waxler Marine, LLC v. ARIS T M/V*, 902 F.3d 461, 463 (5th Cir. 2018). In asbestos cases, the "exposure theory" applies, which "provides that coverage is triggered by

the mere exposure to the harmful conditions during the policy period." *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1076 (La. 1992). Accordingly, plaintiffs must prove that harmful exposures occurred during a policy period in order to recover. *Arceneaux v. Amstar Corp.*, 200 So. 3d 277, 282 (La. 2016). But in the case of excess policies such as those at issue, when the amount of damages does not exceed the limits of other available coverage, the excess insurer will not be held liable. *Dean v. State Farm Mut. Auto. Ins. Co.*, 518 So. 2d 1115, 1118 (La. App. 4 Cir. 1987), *writ denied*, 522 So. 2d 1096 (La. 1988); *see also Rivere v. Heroman*, 688 So. 2d 1293, 1295 (La. App. 4 Cir. 1997) (holding that an excess insurance policy "should not be drawn upon unless the damages exceed all preexisting primary coverage"). Further, Louisiana courts employ a "horizontal stacking" approach to insurance policies in toxic-exposure cases. *Cole*, 599 So. 2d at 1077-80. This means that when an insurer issues primary policies in consecutive years, that insurer is liable for an amount up to the sum of the limits of all the policies for the relevant years. *See id.* at 1061 n.5 (explaining that horizontal stacking "means to combine all available policies, each of which covers a different period of time, to create a larger pool out of which the injured party may be compensated").

It is undisputed that defendant issued some excess policies that were in effect during the period when Cortez was exposed to asbestos. Defendant contends that no applicable policies were issued to Avondale after January 21, 1970, and it is therefore entitled to summary judgment on claims for any post-1970 exposures.[21] Defendant does not dispute plaintiffs' evidence that it issued excess policies to Avondale covering the period from July 14, 1973 to January 25, 1974.[22] Defendant dispenses with that coverage by asserting that because the threshold for its liability to pay under this excess insurance is so high ($15,000,000), it is implausible that its coverage will be triggered.[23]

Defendant's argument that it is implausible that the pro rata damages allocated to Avondale in this case will exceed $15 million dollars for any single policy period is not proper grounds for summary judgment. Defendant is simply making a prediction about matters that involve factual issues awaiting trial, such as the scope of liability and the amount of plaintiffs' damages. Defendant has failed to carry its burden to show there is no issue of material fact and that it is entitled to summary judgment as a matter of law.

---

[21]  R. Doc. 555-1 at 3.
[22]  *See* R. Docs. 676-3 & 676-4.
[23]  R. Doc. 877 at 6.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for partial summary judgment.

New Orleans, Louisiana, this __4th__ day of October, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE