UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ, ET AL.                                  CIVIL ACTION

VERSUS                                                        NO. 20-2389

LAMORAK INSURANCE COMPANY,                        SECTION "R" (1)
ET AL.


**<u>ORDER AND REASONS</u>**

Before the Court is defendants' motion for partial summary judgment

on plaintiffs' wrongful death claims for loss of income and expenses.[1]

Plaintiffs oppose the motion.[2]

For the following reasons, the Court grants defendants' motion.


**I.     BACKGROUND**

This is an asbestos exposure case.  Plaintiffs allege that decedent Callen

Cortez contracted mesothelioma as a result of exposure to asbestos over the

---

[1]     R. Doc. 1114.  Defendants' motion is filed by Bayer CropScience, Inc.,
and Union Carbide Corporation.  Defendants joining in this motion
are: Anco Insulations, Inc.; Cajun Company; Certain Underwriters at
Lloyd's, London; CF Industries Nitrogen, LLC; Eagle Inc.; Goodrich
Corporation; Hopeman Brothers; Liberty Mutual Insurance Company;
Huntington Ingalls Inc.; Legacy Vulcan, LLC; Louisiana Insurance
Guaranty Association; Pharmacia, LLC; Riley Power, Inc.; Taylor
Seidenbach, Inc.; The Travelers Indemnity Company; Uniroyal
Holding, Inc.; and United States Fidelity and Guaranty Company.
[2]     R. Doc. 1127.

course of his career,[3] as well as take-home exposure resulting from his father's[4] and brothers' work when the family shared a home.[5]

Callen Cortez was diagnosed with mesothelioma on June 2, 2020, and he passed away on May 26, 2022.[6]  Defendants are sued in the survival and wrongful death actions brought by Callen Cortez's surviving spouse and children.[7]  Cortez's adult children, Kelsey Cortez and Callie Cortez Billiot, testified that they took time away from their jobs to care for their father when he was ill, and that they lost earnings as a result.[8]  Cortez's widow, Mona Cortez, also testified that she spent several thousand dollars on a generator and hospital bed for Callen Cortez.[9]

Defendants now seek summary judgment on plaintiffs' wrongful death claims for loss of income and out-of-pocket funds expended for the care of Callen Cortez before his death.[10]  Plaintiffs contend that defendants' motion

---

[3]   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).

[4]   *Id.* at 7-9 (Complaint ¶¶ 11-16).

[5]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

[6]   R. Doc. 1-1 at 10 (Complaint ¶ 17); R. Doc. 1026 at 2 (Fourth Amended Complaint ¶ 111).

[7]   R. Doc. 1026 (Fourth Amended Complaint).

[8]   R. Doc. 1127-3 at 14 (Deposition of Callie Cortez Billiot at 14:3-15); R. Doc. 1127-4 at 11 (Deposition of Kelsey Cortez at 11:3-8).

[9]   R. Doc. 1127-5 at 16-18 (Deposition of Mona Hotard Cortez at 25:10-27:10).

[10]   R. Doc. 1114.

exceeds the scope of the limited issue on which the Court allowed a motion, and that the contested recovery is supported by law.[11]

The Court considers the parties' arguments below.


## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

---

[11]   R. Doc. 1127.

§ 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a

genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.  *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

### A.   Loss of Income

Defendants assert that plaintiffs may not recover earnings foregone as a result of providing care to Callen Cortez before his death in a wrongful death action. "Although [wrongful death and survival] actions [usually] arise from a single tort, [the two] are separate and distinct." *Taylor v. Giddens*, 618 So.2d 834, 840 (La. 1993) (citing *Guidry v. Theriot*, 377 So.2d 319 (La. 1979)).  A "survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death[.]"  *Id.*  Further, a survival action "permits recovery only for the damages suffered by the victim from the time of injury to the moment of death."  *Id.*

A wrongful death action, on the other hand, "does not arise until the victim dies and it compensates the beneficiaries for their own injuries which they suffer from the moment of the victim's death and thereafter." *Id.*; *see also Walls v. Am. Optical Corp.*, 740 So. 2d 1262, 1270 (La. 1999) ("the wrongful death action arises at the death of the victim, and compensates the beneficiaries for their injuries that occur at the moment of the victim's death and thereafter"). Wrongful death actions are brought pursuant to La. Civ. Code art. 2315.2. Article 2315.2 allows specific individuals to bring wrongful death actions, including "[t]he surviving spouse and child or children of the deceased[.]" *Id.* Article 2135(B) specifies that "[d]amages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person."

Because plaintiffs' wrongful death action arose at the time of Cortez's death, and the damages for such a claim are meant to compensate the family for harms suffered from the moment of death and thereafter, defendants are entitled to summary judgment on the issue of pre-death lost wages sought by plaintiffs. *See Taylor v. Giddens*, 618 So.2d 834, 840 (La. 1993) (holding that wrongful death damages compensate plaintiffs for injuries suffered from the moment of the victim's death and thereafter); *see also Walls*, 740 So. 2d

1270 (likewise); *In re Brewer*, 934 So. 2d 823, 827 (La. App. 1 Cir. 2006), *writ denied sub nom.*, 936 So. 2d 1278 (La. 2006) ("The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter."). Louisiana authorities establish and consistently re-affirm the nature of injury the wrongful death remedy addresses, *i.e.*, the damages suffered by the covered class of victims from the death of their loved one. And, while Article 2315 generally provides for recovery when one suffers damages due to the fault of another, this broad provision does not override the above-cited authorities explaining the contours of wrongful death recovery.[12]

Plaintiffs rely on the Louisiana Second Circuit Court of Appeal's *Keeth* decision to contend that they are entitled to wrongful death damages for earnings foregone while providing care to Callen Cortez before his death. *See Keeth v. State Through Dep't of Pub. Safety & Transp.*, 618 So. 2d 1154, 1163 (La. App. 2 Cir. 1993), *writ dismissed sub nom.*, 619 So. 2d 563 (La. 1993) (stating that "[o]ne may recover lost earnings for attending to an injured spouse"). Significantly, *Keeth* was not a wrongful death case, and it did not recognize recovery by wrongful death plaintiffs for income foregone before

---

[12]   The Court's decision today does not address the extent to which the damages plaintiffs seek may be recovered as part of the survival action.

the death of their loved one.  Further, in *Morgan v. Louis Cenac M.D.*, the Louisiana Fourth Circuit Court of Appeal held that a husband could not recover damages when "he suffered a loss of earning capacity and early retirement because of his wife's personal injuries." 634 So. 2d 60, 63 (La. App. 4 Cir. 1994).  *Morgan* arose in the same context as *Keeth* and explained that while the injured spouse could recover for the cost of services required by her injuries, her husband could recover only for the loss of his wife's services and support to the community—not loss of income and earning capacity he incurred because he gave up employment to care for her.  The Court finds *Morgan* to be the better-reasoned decision.

Plaintiffs also cite *Becnel v. Lamorak Insurance Company*, No. 19-14536, 2022 WL 2182527, at *5 (E.D. La. June 16, 2022), and *Dempster v. Lamorak Insurance Company,* No. 20-95, 2020 WL 3490431, at *9 (E.D. La. June 26, 2020), in support of the proposition that plaintiffs are entitled to recover wages foregone in providing pre-death care to the decedent in a wrongful death action.  *Dempster* is distinguishable because it did not hold that pre-death foregone income was recoverable as a wrongful death remedy. In that case, the court held that lost income of family caregivers was recoverable in the survival action as a measure of the value of care provided to the victim.  2020 WL 3490431, at *9.  In *Becnel*, the court found there was

8

no evidence that the survivors suffered lost income caring for the victim. 2022 WL 2182527, at *5. To the extent that *Becnel* indicated that survivors could recover pre-death loss of earnings as wrongful death damages, the Court declines to follow it. Accordingly, the Court grants summary judgment on the issue of plaintiffs' foregone earnings as wrongful death damages.

## B.   Pre-Death Expenses

Defendants also contend that plaintiffs are not entitled to recover pre-death expenses incurred as wrongful death damages.[13] Certain expenses are allowed as part of wrongful death damages. *See, e.g.*, *Smith v. Municipality of Ferriday*, 922 So. 2d 1222, 1232 (La. App. 3 Cir. 2006), *writ denied*, 937 So. 2d 860 (La. 2006) ("Funeral expenses are one element of a wrongful death claim as are loss of love and affection, loss of services, and loss of support."). Plaintiffs point to Mona Cortez's testimony that she paid $8,000 to $10,000 for a home generator and $10,000 for a hospital bed, and assert

---

[13]   Plaintiffs assert that defendants' motion violates the Court's order reiterating that motion practice remains closed save for a motion on the limited issue of lost income as wrongful death damages. Because defendants' contentions on out-of-pocket expenses involve the same principle as lost income, and the issue is very similar to what was expressly permitted, the Court considers both aspects of defendants' motion.

that these expenses are recoverable as part of the wrongful death claim.[14] Medical expenses incurred by Mrs. Cortez in connection with the care of Callen Cortez when he was still alive are community expenses, which appear to be recoverable in the survival action.  Further, plaintiffs do not contest that they lack evidence of other pre-death, out-of-pocket expenses that they assert are recoverable as wrongful death damages.  The Court finds that defendants are entitled to summary judgment on these pre-death expenses to the extent they are sought as wrongful death damages.

The Court acknowledges that there is language in *Hill v. Shelter Mutual Insurance Company*, 935 So. 2d 691 (La. 2006), and *Hebert v. Webre*, 982 So. 2d 770 (La. 2008), that lists medical expenses as an element of wrongful death recovery.  Both cases include the same quotation from a Louisiana intermediate appellate court decision regarding the elements of wrongful death damages.  But neither case awards or even addresses the recovery of pre-death medical expenses in a wrongful death action. These cases involve whether the surviving beneficiaries' distress amounted to "bodily injury" under an insurance policy, and which aggregate coverage limit applied to the accident.  The Court does not find that the mention of

---

[14]     R. Doc. 1127-5 at 16-18 (Deposition of Mona Hotard Cortez at 25:10-27:10).

medical expenses in these cases undermines the distinction between survival and wrongful death actions drawn by the Louisiana Supreme Court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for partial summary judgment.

New Orleans, Louisiana, this __7th__ day of October, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11