UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLEN J. CORTEZ, ET AL.                          CIVIL ACTION

VERSUS                                              NO. 20-2389

LAMORAK INSURANCE COMPANY,                  SECTION "R" (1)
ET AL.

**ORDER AND REASONS**

Before the Court is plaintiffs' motion *in limine* to limit testimony by Dr. Brent

Finley pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579

(1993).[1]  Defendant Hopeman Brothers, Inc. ("Hopeman") opposes the motion.[2]

For the following reasons, the Court denies  plaintiffs' motion.


I.    **BACKGROUND**

This is an asbestos exposure case.  Plaintiffs allege that decedent Callen

Cortez contracted mesothelioma as a result of exposure to asbestos over the course

of his career,[3] as well as take-home exposure resulting from his brothers' work

_____

[1]      R. Doc. 509.
[2]      R. Doc. 716.
[3]      R. Doc. 1-1 at 11-13 (Complaint ¶¶ 25-29).

when the family shared a home.[4]  Hopeman is sued as an alleged professional vendor of asbestos-containing wallboard.[5]

In the present motion, plaintiffs seek to limit the testimony of Dr. Brent Finley, an expert toxicologist, on the grounds that his opinion on whether asbestos exposure from Hopeman's wallboard was a substantial factor in bringing about Cortez's mesothelioma is unreliable under *Daubert* and therefore inadmissible.[6] Specifically, plaintiffs assert that Finley's opinion is inadmissible because he relied on studies that were conducted utilizing vacuum systems while measuring the level of asbestos released by sawing asbestos-containing boards, whereas Hopeman assertedly did not use protective measures during the period of Callen Cortez's exposure.[7]  Hopeman opposes the motion and contends that the use of vacuums is in issue, and Finley's testimony should not be limited merely because he relies on studies that did not exactly replicate the conditions of plaintiffs' exposures.[8]

The Court considers the parties' arguments below.

---

[4]     R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
[5]     R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
[6]     R. Doc. 509.
[7]     R. Doc. 509-1 at 2-4.
[8]     R. Doc. 716.

## II.    DISCUSSION

Plaintiffs' claims rely on Callen Cortez's workplace exposures to Hopeman's asbestos-containing wallboard, as well as take-home exposure through Daniel Cortez's work when the two lived in the family home.[9]  The parties dispute the admissibility of Finley's proposed expert testimony, which goes to the degree of the asbestos exposures from Hopeman's wallboard and therefore whether such exposures were a substantial factor in causing Cortez's mesothelioma.[10]   Finley estimated Cortez's potential cumulative exposure from Hopeman's wallboard to be between 0.0005 f/cc-years to 0.0022 f/cc-years, which he asserts is well below current exposure limits as well as the threshold exposure level for increased risk of mesothelioma.[11]  Plaintiffs contend that Finley's testimony should be excluded on this issue because he relied on incomplete materials.  Specifically, they assert that Finley only relied on studies where vacuums were used, whereas Callen Cortez and Daniel Cortez testified that no such preventative measures were used by the Hopeman employees that cut wallboard in their vicinity.  Plaintiffs contend that Finley's reliance on purportedly inapposite studies results in an underestimate of Cortez's actual exposure, which compromises the reliability and relevance of Finley's opinion.

---

[9]     R. Doc. 149 at 1-6 (Second Amended Complaint ¶¶ 94-101).
[10]    R. Docs. 509 & 716.
[11]    R. Doc. 716-1 at 37 (Finley Report).

In response, Hopeman represents that it will present fact witnesses at trial who will testify that dust-collecting systems were used during the relevant period, in direct contradiction of plaintiffs' evidence. Because defendants may provide evidence at trial that Hopeman used such measures, plaintiffs' argument about the nonuse of vacuums does not require exclusion of Finley's opinion. Further, Finley also relied on studies that did not use dust-collecting measures. For example, Finley cites the June 1999 Longo study in estimating the length of the asbestos fibers generated by sawing Hopeman's wallboard.[12]

Further, even if Finley relies on studies conducted under somewhat different conditions than Cortez's exposures, this does not, by itself, demand exclusion of Finley's opinion. A study need not be conducted under the exact conditions as the facts of the case to be admissible. Rather, the study must afford a fair comparison. *See Williams v. Briggs Co.*, 62 F.3d 703, 707 (5th Cir. 1995) (to be admissible, testing must be "substantially similar" to the incident); *Barnes v. Gen. Motors Corp.*, 547 F.2d 275, 277 (5th Cir. 1977) (to be substantially similar, a test must only "afford a fair comparison in respect to the particular issue to which the test is directed" (quoting *Ill. Cent. Gulf R.R. Co. v. Ishee, Miss.*, 317 So.2d 923, 926 (Miss. 1975)). Plaintiffs point to Finley's deposition testimony for the proposition that the presence *vel non* of vacuum systems is critical in determining whether a study

---

[12]    *Id*. at 40 (Finley Report).

affords a fair comparison; but what Finley actually stated was that "if you assume the vacuums are effective, then [the] values [derived from studies that do not utilize vacuum systems] would be underestimating."[13]   In the cited testimony, Finley did not endorse the effectiveness of the vacuums, and defendant notes that Finley assumed the worst-case scenario about Cortez's exposures to compensate for the limitations of the studies that he relied on.[14]   Therefore, the Court is unpersuaded by plaintiffs' contentions that the studies Finley relies on are so dissimilar from Cortez's exposure that the opinion must be excluded.

Lastly, plaintiffs' citation to *Boudreaux v. Bollinger Shipyards* is unpersuasive.  That case dealt with an expert who was excluded because he relied on incomplete medical records and exposure history while opining on the plaintiff's condition.  *Boudreaux v. Bollinger Shipyards*, 197 So. 3d 761, 770 (La. App. 4 Cir. 2016).  *Boudreaux* is inapposite here, where the issue is the similarity of the studies Finley relies on to actual exposure conditions.

Plaintiffs may challenge Finley's conclusions or interpretation of the facts through cross-examination.  *Primrose Operation Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir.2004) (noting that "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that

---

[13]     R. Doc. 509-8 at 5 (Deposition of Brent Finley at 131:2-11).
[14]     R. Doc. 716-1 at 37 (Finley Report).

opinion rather than its admissibility and should be left for the jury's consideration.") (quoting *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore, Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 2004)).  As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).  Accordingly, the Court denies plaintiffs' motion.


## III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion *in limine*.


New Orleans, Louisiana, this  _12th_  day of October, 2022.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE