UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to strike eleven witnesses for the defense.[1] Hopeman Brothers, Inc. ("Hopeman") opposes the motion.[2] For the following reasons, the Court grants plaintiffs' motion.

### I.  BACKGROUND

This is an asbestos exposure case. Plaintiffs allege that decedent Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course of his career,[3] as well as take-home exposure resulting from his father's and brothers' work when the family shared a home.[4] Defendants are sued in a variety

---

[1]   R. Doc. 528.
[2]   R. Doc. 689.
[3]   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
[4]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).

of capacities, including as manufacturers, premises owners, or employers allegedly responsible for Cortez's exposure to asbestos.[5]

In the present motion, plaintiffs seek to strike defense witnesses listed as experts but for whom no expert report has been produced.[6] Hopeman opposes the motion only as to Max Richard.[7]

The Court considers the motion below.

## II. DISCUSSION

Plaintiffs seek to strike eleven witnesses for the defense listed as experts for whom no expert witness report was produced. None of the defendants filed oppositions to any of the witnesses identified in plaintiffs' motion except for Hopeman, who opposed the exclusion of Max Richard. Hopeman contends that Richard was properly identified as a fact witness. Plaintiffs assert that Hopeman intends to elicit expert testimony from Richard as demonstrated by the excerpts of his deposition Hopeman proposes to use at trial.

Hopeman concedes that it proposes to offer opinions Richard gave about air-monitoring testing he performed at the behest of Hopeman. He apparently rendered opinions about asbestos fiber release at Avondale generated by the

---

5   *See generally* R. Doc. 1-1.
6   R. Doc. 528.
7   R. Doc. 689.

cutting of asbestos-containing wall panels.  Under Rule 701 of the Federal Rules of Evidence, if a witness is not testifying as an expert, he may offer opinion testimony only if it is:

> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

From 1970 to 1979, Richard was Director of the Occupational Health and Safety program at Tulane University.[8]  He also worked as a consultant for Hopeman while at Tulane.[9]  While Richard pursued a master's degree in occupational health, he apparently conducted studies for Hopeman on asbestos fiber release at Avondale in 1972.[10]  These studies involve technical and specialized knowledge and are not the province of lay opinion.

Hopeman may not offer opinion testimony from Richard without an expert report.  *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (providing that parties seeking to introduce expert testimony must produce a written report by their expert witnesses containing "a complete statement of all opinions the witness will express and the

---

[8]    R. Doc. 689-4 at 4.
[9]    *Id.*
[10]   *Id.*

3

basis and reasons for them"); *see also Dockery v. Hall*, No. 13- 326, 2018 WL 11424795, at *2 (S.D. Miss. Mar. 12, 2018) (noting that "the rules of civil procedure preclude an expert witness from offering testimony regarding opinions that are not timely disclosed"). And contrary to Hopeman's contentions, Richard's 1996 deposition from another case is not the equivalent of an expert report. Plaintiffs' motion is granted.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to strike certain expert witnesses.

New Orleans, Louisiana, this __14th__ day of October, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE