UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEN J. CORTEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-2389 |
| LAMORAK INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant Travelers Indemnity Company's ("Travelers") unopposed motion to quash plaintiffs' trial subpoena. For the following reasons, the Court grants defendant's motion

## I.  BACKGROUND

This is an asbestos exposure case. Plaintiffs allege that decedent Callen Cortez contracted mesothelioma as a result of exposure to asbestos over the course of his career,[1] as well as take-home exposure resulting from his father's and brothers' work when the family shared a home.[2] Travelers is sued as the alleged insurer of B&B Engineering and Supply Company of Louisiana, Inc. ("B&B"), who plaintiffs allege exposed Cortez to asbestos through his father's employment.[3] Travelers now moves to

---

[1]   R. Doc. 1-1 at 3-6 (Complaint ¶¶ 3, 8).
[2]   R. Doc. 149 at 1-2 (Second Amended Complaint ¶¶ 94-95).
[3]   *See generally* R. Doc. 1-1.

quash plaintiffs' trial subpoena.  Plaintiffs do not oppose the motion.  The Court considers the motion below.

## II.   DISCUSSION

Travelers moves to quash plaintiffs' trial subpoena on the grounds that the subpoena does not identify the individual that must testify on behalf of it or the topics on which Travelers will be asked to testify.[4]  Travelers also moves on the grounds that the subpoena fails to tender the required attendance and travel fees.[5]  Further, Travelers notes that the subpoena does not specify whether it seeks only the production of records, to have Travelers produce an individual to testify at trial about the records, or both.[6] Travelers contends that, as an insurer, it does not have any firsthand knowledge of Cortez's alleged exposures, obviating the need for trial testimony.[7]  To the extent the subpoena seeks documents, Travelers asserts that the request is unnecessary and burdensome because it previously produced to plaintiffs certified copies of all relevant policies issued to B&B and it will stipulate to their authenticity.[8]

Rule 45(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule

---

[4]   R. Doc. 889-1 at 2.
[5]   R. Doc. 889-1 at 4-7.
[6]   *Id.*
[7]   *Id.* at 7-8.
[8]   *Id.* at 2.

45(d)(3)(iv) adds that upon timely motion, the Court must quash or modify a subpoena "that subjects a person to undue burden." Plaintiffs' subpoena is unduly burdensome under Rule 45. It is undisputed that Travelers lacks knowledge of any issues relevant to plaintiffs' Direct Action claim other than insurance coverage. Because Travelers produced certified copies of all relevant policies and agreed to stipulate to their authenticity, the Court grants its motion to quash.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion.

New Orleans, Louisiana, this __24th__ day of October, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3